# THE HARTFORD DEPOSIT COMPANY

*v.*

# OLIVER SOLLITT.

*Opinion filed April 21, 1898.*

1. ELEVATORS—*persons operating elevators in buildings are carriers of passengers.* Persons operating elevators in buildings for the purpose of carrying persons from one floor to another are carriers of passengers, and the same rules are applicable to them as apply to other carriers. ·

2. SAME—*persons operating passenger elevators must use extraordinary care to prevent injury.* Persons operating passenger elevators in buildings must use extraordinary care in and about their operation to prevent injury to persons being carried therein.

3. NEGLIGENCE—*fact of the falling of elevator is evidence tending to show negligence.* The fact of the falling of an elevator is evidence tending to show want of care in its management, or that the elevator was out of repair or faultily constructed.

4. SAME—*one operating a passenger elevator is liable for injuries to passengers from its falling.* One operating a passenger elevator is liable for injuries received by a passenger from the falling of the elevator, owing to its faulty construction, or to negligence in its management, or in allowing it to remain out of repair.

5. APPEALS AND ERRORS—*whether an injury was received as charged, and what was the damage, are questions of fact.* Whether the plaintiff's injury was received as charged in his declaration and what was the amount of damage sustained are questions of fact finally settled by the Appellate Court's judgment of affirmance.

6. SAME—*question of sufficiency of evidence is not raised by refusal of peremptory instruction asked in series.* The refusal of a peremptory instruction, asked with others submitting the case to the jury on the facts, does not preserve for review in the Supreme Court the question of the sufficiency of the evidence to sustain a verdict.

7. EVIDENCE—*evidence not tending to enlighten jury may be denied admission.* Objections may be sustained to interrogatories the answers to which would not tend to enlighten the jury as to the questions involved in the case on trial.

*Hartford Deposit Co.* v. *Sollitt,* 70 Ill. App. 166, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANCIS ADAMS, Judge, presiding.

BURNHAM & BALDWIN, for appellant.

THOMAS BATES, and SEYMOUR EDGERTON, for appellee.

Mr. CHIEF JUSTICE PHILLIPS delivered the opinion of the court:

Appellee leased offices on the tenth floor of a building owned by appellant at the corner of Dearborn and Madison streets, in the city of Chicago. On May 19, 1893, appellee took an elevator at the tenth floor for the purpose of descending to the first floor. On leaving the eighth floor with about twelve passengers the car could not be controlled by the machinery, and it dropped rapidly from about the sixth floor to within four feet of the ground floor, when the further descent was arrested by the safety devices which clamped the guides on either side of the shaft. Appellee was injured by this fall and brought suit in the circuit court of Cook county, where a verdict was returned for $4000 damages, and a motion for new trial was made and denied and judgment entered on the verdict. To the overruling of the motion for a new trial and the entering of judgment the defendant excepted. An appeal was prosecuted to the Appellate Court for the First District, where that judgment was affirmed. The cause is brought to this court on appeal.

The first point made by the appellant is, that an instruction given for the plaintiff was error because it stated a proposition, under which a recovery could be had, which was not based on any matter charged by the declaration. Two counts were contained in the declaration. By the first count it was charged that through the carelessness, negligence and unskillfulness of the defendant and its servant the elevator slipped in the shaft in which it ran, and fell from the eighth floor to the ground floor. The second count charged that the defendant did not use due and proper care that the plaintiff should be

safely carried, and did not have all the most improved and proper appliances attached to prevent a too rapid fall of the elevator, and did not have said appliances in good and proper order and condition for performing their work.   The only instruction asked by the plaintiff was:

"The court instructs the jury, that if they believe, from the evidence in this case, that the plaintiff, on or about the 19th day of May, 1893, was rightfully in an elevator in the possession of and operated by the defendant and situated in the defendant's building, for the purpose of being carried thereby from one of the upper floors of defendant's said building to the ground floor thereof; and if you further believe, from the evidence, that while the plaintiff was so in such elevator and in the exercise of reasonable and ordinary care on his part, said elevator, owing to the negligent and faulty construction thereof, or owing to the negligence and carelessness on the part of the servant of the defendant in operating the same, fell; and if you further believe, from the evidence, that the injury to the plaintiff complained of was caused ·by the fall of such elevator, then your verdict should be for the complainant."

To the giving of this instruction the defendant then and there excepted.

The evidence introduced on the trial on the part of the plaintiff showed that the elevator fell, and showed the injury to the plaintiff, and tended to show that the elevator was overloaded.   No evidence was introduced, before resting the case for the plaintiff, regarding the appliances by which the elevator was worked or by which it was operated.   The evidence introduced by the defendant in chief related to the appliances by which the elevator was operated, and the appliances to prevent the falling of the elevator, and the appliances for the safe carrying of passengers in and upon said elevator.   The evidence shows that the real cause of the falling of the car in the elevator was the bursting of a pipe, by which

the water was let out and by which the speed of the elevator was controlled. The pipe, and the water contained therein, were appliances to prevent a too rapid fall of the elevator. Persons operating elevators are carriers of passengers, and the same rules applicable to other carriers of passengers are applicable to those operating elevators for raising and lowering persons from one floor to another in buildings. It is a duty of such carriers of passengers to use extraordinary care in and about the operation of such elevators, so as to prevent injury to persons therein. The fact of the falling of the elevator is evidence tending to show want of care in its management by the operator or its servants, or that the same was out of repair or faultily constructed, and the instruction in this case, in alleging that the plaintiff was in the elevator for the purpose of being carried from one floor to another, and that the elevator, owing to its negligent and faulty construction or to the negligence and carelessness on the part of the servants in operating the same, fell, and caused an injury to the plaintiff, stated a correct proposition of law, and stated a liability for causes alleged by the counts of this declaration.

It is insisted by the appellant that the plaintiff was not entitled to recover except for the injury caused by this accident, and not for a condition which existed prior thereto. The questions as to whether the injury resulted from the fall of the elevator, and the amount of damage, are questions of fact, which were determined by the judgments of the Appellate and trial courts, and are sought to be raised in this court by the peremptory instruction to find for the defendant. That instruction was one of seven instructions asked by the defendant,—as one of a series,—and, as frequently held by this court, when asked as one of a series of instructions to the jury it does not present a question which will authorize this court to consider the facts.

The appellant insists that the court excluded evidence as to the carrying power of the car, and as to whether or not there was any known rule as to the weight of passengers that can be gotten within a given space. As stated in appellant's brief, "negligence in operating, and failure to have the most improved safety appliances or to keep them in good working order, are the only questions of negligence alleged or upon which the plaintiff was * * * entitled to recover." These questions which were asked could not in any manner enlighten the jury on the question of fact sought to be thus presented and under which the recovery was to be had. It was not error to sustain the objection thereto.

A witness called in rebuttal by plaintiff had stated that safety devices used in order to stop the car were clamped onto a steel guide, and was asked on cross-examination, "Did not you know that those steel guides are always oiled—that that is the purpose of the construction?" The witness also answered that he had put up elevators which had devices of a similar sort, and knew how they were intended to work. He was then asked, "In those that you operated, wasn't it intended that the guides should be oiled and greased?" To the two questions above, objections were interposed and sustained, to which the appellant excepted. What was done with the other elevators operated by this witness was not a question about which an examination could properly be made in reference to the subject matter that was before this jury, and whether the steel guides were always oiled, and whether that was the purpose of their construction, could not enlighten the jury on the question here presented. We are of the opinion there was no error in sustaining the objection to these questions.

The judgment of the Appellate Court for the First District is affirmed.

*Judgment affirmed.*