WARREN SPRINGER

*v.*

SAMUEL FORD.

*Opinion filed February 20, 1901—Rehearing denied April 4, 1901.*

1. CARRIERS—*person operating passenger elevator is a common carrier.* The owner of a building who operates an elevator for the use of his tenants is a carrier of passengers for hire, and the law requires of him that he exercise the highest degree of care and diligence for their safety.

2. SAME—*unexplained breaking of elevator raises presumption of negligence.* When a passenger is injured by reason of an unexplained breaking or giving way of some portion of the machinery by which the elevator is operated, a presumption of negligence on the part of the owner arises.

· 3. SAME—*rules governing passenger elevators apply to freight elevators used for passengers.* The rules governing the liability of persons owning or operating passenger elevators in buildings apply to freight elevators when a person is rightfully upon such elevator as a passenger.

4. SAME—*whether plaintiff was lawfully upon freight elevator is a question for the jury.* Whether the plaintiff was lawfully upon a freight elevator at the time of his injury, in the performance of a duty incident to his employment, is a question of fact for the jury.

5. SAME—*carrier cannot limit liability to passenger except by contract with him.* A provision in a lease that the owner of the building shall not be liable for any damages occasioned by a failure to keep the premises and elevator in repair, is not binding upon an employee of the lessee who is injured while upon the elevator.

6. EVIDENCE—*it is proper to show custom in riding on freight elevator.* In an action for injuries received while plaintiff was riding on a freight elevator, it is proper to prove that it was his custom, as well as the custom of the employees of other tenants of the building, to accompany freight being elevated or lowered by them, when the elevator was operated by the defendant's agent.

*Springer* v. *Ford*, 88 Ill. App. 529, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding.

W. N. GEMMILL, for appellant:

Where there are both passenger and freight elevators in the same building there is an express invitation extended to all persons riding up and down to ride upon the passenger elevator, and one who rides upon the freight elevator under such circumstances does so at his own risk. *Amerine* v. *Porteous*, 105 Mich. 347; Webb on Passenger and Freight Elevators, sec. 23; *Starr Elevator Co.* v. *Carlson*, 69 Ill. App. 23; *Hanson* v. *State Bank Building*, 100 Iowa, 672.

The fact that occupants of the building rode upon this freight elevator is no evidence that appellant intended it for that purpose, even if such use was known to him, and does not render him liable. *Hall* v. *Murdock*, 114 Mich. 233; *Hanson* v. *State Bank Building*, 100 Iowa, 672; *O'Brien* v. *Steel Co.* 100 Mo. 182; *McCarthy* v. *Foster*, 156 Mass. 511; *Patterson* v. *Hemingway*, 148 id. 941; *Wise* v. *Ackerman*, 76 Md. 376; *Hart* v. *Naumberg*, 123 N. Y. 641; *Hoehman* v. *Engraving Co.* 4 Misc. 160; *Hanson* v. *Schneider*, 58 Hun, 60.

Appellee was a mere licensee, and as such, when accepting the benefit of a license, assumed all risks incident thereto except those caused by willful negligence. *Gibson* v. *Leonard*, 143 Ill. 183; *Burger* v. *Johnson*, 60 N. P. 252.

The mere fact that the rack broke and the elevator fell is not evidence upon which to base an action for negligence. *Robinson* v. *Wright & Co.* 94 Mich. 283; *Davidson* v. *Davidson*, 46 Minn. 117; *Murphy* v. *Hayes*, 68 Hun, 450.

Where an owner of a building has provided an elevator with appliances that are in common use, and has exercised ordinary care in inspecting and managing the same, he has done all that the law requires. *Hall* v. *Murdock*, 115 Mich. 233; *Hart* v. *Naumberg*, 123 N. Y. 641.

A servant of a tenant stands in the same relation to the landlord as does the tenant, and if the tenant has released the landlord from liability on account of defective premises the landlord is also released as to the servant of the tenant. *Peoria* v. *Adams*, 72 Ill. App. 671;

*Cole* v. *McKay*, 66 Wis. 500; *O'Brien* v. *Capwell*, 59 Barb. 497; *Berdick* v. *Cheadle*, 26 Ohio, 396; *Purcell* v. *English*, 86 Ind. 34; *Marshall* v. *Hurd*, 59 Tex. 266; Shearman & Redfield on Negligence, sec. 503; 1 Thompson on Negligence, 323.

SETH F. CREWS, and RALPH CREWS, for appellee:

The proprietor of an elevator owes to those who are required to use it, the duty of maintaining safe machinery and of adopting and using such appliances for their safety as are practicable. *Burns* v. *Sennett*, 99 Cal. 363; *McGonigle* v. *Kane*, 29 Col. 292; *Lavigne* v. *Lewiston Mills Co.* 10 Atl. Rep. 62; *Fairbank Canning Co.* v. *Innes*, 24 Ill. App. 35; *Kern* v. *DeCastro Co.* 125 N. Y. 50; *Boess* v. *C. B. Co.* 12 N. Y. App. Div. 366; *Oberfelder* v. *Doran*, 26 Neb. 118; *Corcoran* v. *Holbrook*, 59 N. Y. 517; *Strawbridge* v. *Bradford*, 128 Pa. St. 200; *McKinnie* v. *Kilgallon*, 11 Atl. Rep. 614; *Thompson* v. *Johnson*, 86 Wis. 576; *Oriental* v. *Barclay*, 41 S. W. Rep. 117.

Whether or not he has been guilty of negligence in the performance of that duty is a question of fact, to be determined by the jury. *Fairbank Canning Co.* v. *Innes*, 24 Ill. App. 35; *Goggin* v. *Osborne*, 115 Cal. 437; *McKinnie* v. *Kilgallon*, 11 Atl. Rep. 614.

The general rule fixes the liability for injuries received by a person, resulting from the negligent operation of an elevator, on the one who undertakes its maintenance and operation. 10 Am. & Eng. Ency. of Law, (2d ed.) 967; *Tvedt* v. *Wheeler*, 72 N. W. Rep. 1062.

Plaintiff was not bound to show actual notice to the defendant of the particular defect which caused the accident. Constructive notice was sufficient. *Falkenau* v. *Abramson*, 66 Ill. App. 352; *Delaney* v. *Hilton*, 50 N. Y. Sup. Ct. 341; *Malone* v. *Hawley*, 46 Cal. 409; *Lorentz* v. *Robinson*, 61 Md. 74; *Bird* v. *Standard Manf. Co.* 130 Pa. St. 446; *Sachs* v. *Dolese*, 35 Ill. App. 636; *Hackett* v. *Middlesex Manf. Co.* 101 Mass. 101; *Weiden* v. *Brush Electric Light Co.* 73 Mich. 268; *Moran* v. *Racine Wagon Co.* 74 Hun, 454.

The lease offered by the defendant is no bar to the action by plaintiff. The earlier cases hold that a carrier could not, by any means whatever, avoid the liabilities imposed upon it by the common law. *Jones* v. *Voorhees*, 10 Ohio, 145; *Roll* v. *Raguet*, 4 id. 400; *Fish* v. *Chapman*, 2 Ga. 349; *Gould* v. *Hill*, 2 Hill, 625; *Thomas* v. *Boston R. Corp.* 10 Metc. 479; *Cole* v. *Goodwin*, 19 Wend. 257.

The rule as extended in Illinois, however, permits carriers to stipulate, upon consideration, for exemption from liability for ordinary negligence. *Railroad Co.* v. *Morrison*, 19 Ill. 136; *Railroad Co.* v. *Read*, 37 id. 484; *Railroad Co.* v. *Adams*, 42 id. 474; *Adams Express Co.* v. *Stettauers*, 61 id. 184; *Arnold* v. *Railroad Co.* 83 id. 263; *Railroad Co.* v. *Chapman*, 133 id. 96.

But the limitation authorized by the rule cannot be affected by any act of the carrier without the concurrence of the passenger. It must be by express contract with him or some one authorized to act for him. *Railroad Co.* v. *Read*, 37 Ill. 484; *Arnold* v. *Railroad Co.* 83 id. 263; *Railroad Co.* v. *Beggs*, 85 id. 80.

Mr. JUSTICE HAND delivered the opinion of the court:

This is an action brought by the plaintiff to recover damages for an injury to his person. The trial resulted in a verdict and judgment for the plaintiff, which judgment has been affirmed by the Appellate Court for the First District.

The plaintiff was in the employ of the Kinsella Glass Company, a tenant of the defendant, occupying the sixth floor of an eight-story building of which the defendant is the owner, located on Canal street, in the city of Chicago. The building was equipped with a passenger and a freight elevator, both of which were operated and controlled by the defendant. The falling of the freight elevator while plaintiff, in the discharge of his duty, was a passenger thereon, caused the injury complained of.

At the close of the plaintiff's testimony, and again at the close of all the testimony, the defendant moved the court to instruct the jury to find the defendant not guilty, which the court declined to do, and the action of the court in that behalf has been assigned as error.

The law is well settled that persons operating elevators in buildings for the purpose of carrying persons from one story to another are common carriers of passengers. (*Hartford Deposit Co.* v. *Sollitt,* 172 Ill. 222; *Goodsell* v. *Taylor,* 41 Minn. 207 (16 Am. St. Rep. 700); *Mitchell* v. *Marker,* 62 Fed. Rep. 139; *Treadwell* v. *Whittier,* 80 Cal. 575 (13 Am. St. Rep. 175); *Hodges* v. *Percival,* 132 Ill. 53; *Kentucky Hotel Co.* v. *Camp,* 97 Ky. 424; *Lee* v. *Knapp,* 55 Mo. App. 390; *Tousey* v. *Roberts,* 114 N. Y. 312 (11 Am. St. Rep. 655); *Southern Building Ass.* v. *Lawson,* 97 Tenn. 367.) In *Hartford Deposit Co.* v. *Sollitt, supra,* on page 225 we say: "Persons operating elevators are carriers of passengers, and the same rules applicable to other carriers of passengers are applicable to those operating elevators for raising and lowering persons from one floor to another in buildings." In *Treadwell* v. *Whittier, supra,* it was said: "The defendants used their elevator in lifting persons vertically to the height of forty feet. That they were carriers of passengers, and should be treated as such, we have no doubt. The same responsibilities as to care and diligence rested on them as on the carriers of passengers by stage coach or railway." In *Goodsell* v. *Taylor, supra,* the court say: "The relation between the owner and manager of an elevator for passengers and those carried in it is similar to that between an ordinary common carrier of passengers and those carried by him."

The operators of such elevators, upon the grounds of public policy, are required to exercise the highest degree of care and diligence. The lives and safety of a large number of human beings are entrusted to their care, and the law requires them to use extraordinary diligence in and about the operation of such elevators to prevent in-

jury to passengers being carried therein. In *Hartford Deposit Co.* v. *Sollitt, supra,* it is said (p. 225): "It is a duty of such carriers of passengers to use extraordinary care in and about the operation of such elevators, so as to prevent injury to persons therein." And in *Treadwell* v. *Whittier, supra,* the court say: "Persons who are lifted by elevators are subjected to great risks to life and limb. They are hoisted vertically, and are unable, in the case of the breaking of the machinery, to help themselves. The person running such elevator must be held to undertake to raise such persons safely, as far as human care and foresight will go. The law holds him to the utmost care and diligence of very cautious persons, and responsible for the slightest neglect. Such responsibility attaches to all persons engaged in employments where human beings submit their bodies to their control, by which their lives or limbs are put at hazard or where such employment is attended with danger to life or limb. The utmost care and diligence must be used by persons engaged in such employments to avoid injury to those they carry. The care and diligence required is proportioned to the danger to the persons carried. In proportion to the degree of danger to others must be the care and diligence to be exercised. Where the danger is great the utmost care and diligence must be employed. In such cases the law requires extraordinary care and diligence." And in *Goodsell* v. *Taylor, supra,* it is said (p. 702): "The same reason exists for requiring on the part of the owner (of an elevator) the utmost care and foresight and for making him responsible for the slightest degree of negligence."

When a passenger is injured by reason of the giving way of some portion of the machinery or appliances by which the elevator is operated, the presumption of negligence from such breaking, unexplained, arises. In *New York, Chicago and St. Louis Railroad Co.* v. *Blumenthal,* 160 Ill. 40, we say on page 48: "The happening of an accident to a passenger during the course of his transportation

raises a presumption that the carrier has been negligent. The burden of rebutting this presumption rests upon the carrier. Undoubtedly, the law requires the plaintiff to show that the defendant has been negligent. But where the plaintiff is a passenger, a *prima facie* case of negligence is made out by showing the happening of the accident. If the injury to a passenger is caused by apparatus wholly under the control of the carrier and furnished and applied by it, a presumption of negligence on its part is raised." And in *Hartford Deposit Co.* v. *Sollitt, supra,* it is said (p. 225): "The fact of the falling of the elevator is evidence tending to show want of care in its management by the operator or its servants, or that the same was out of repair or faultily constructed." In the case of *Ellis* v. *Waldron,* 19 R. I. 369, in an action by the servant of a tenant of a building against the owner for injuries caused by the falling of an elevator, the declaration alleged that the defendant had granted to the plaintiff's employer, as part of his leasehold interest in the premises, the use of the elevator for moving his goods; that at the time of the accident the plaintiff was upon the elevator, engaged in the employment of moving his master's goods; that the machinery in the elevator was defective and unsafe, of which he had no knowledge, but which fact was known to the defendant, or should have been known if he had exercised a proper amount of diligence. The court held that the declaration alleged sufficient facts to show that it was the duty of the defendant to keep and maintain the elevator in a safe and suitable condition for the plaintiff's use, as the employee of the tenant; and further, that the elevator not being under the control of plaintiff, it was not his duty to examine it and ascertain whether it was suitable and safe, and hence he was not required to allege specifically the nature of the defect which caused the accident.

The contention, on behalf of defendant, that the principles above announced have no application to a person

owning and operating a freight elevator, is not tenable when a passenger is lawfully and rightfully upon such elevator. Such passenger, by reason of the construction of that class of elevators, is subjected to great risks and many hazards. The liability, however, of the owner or manager thereof as a common carrier is measured by the same rules, and he is held to the same degree of diligence, as that of persons owning and operating passenger elevators. In the case of *Chicago and Alton Railroad Co.* v. *Arnol*, 144 Ill. 261, where a passenger upon a freight train was held entitled to recover for a personal injury received by reason of the negligent management of the train, it was said (p. 271): "From the composition of such a train and the appliances necessarily used in its efficient operation, there cannot, in the nature of things, be the same immunity from peril in traveling by freight train as there is by passenger trains, but the same degree of care can be exercised in the operation of each." And in *New York, Chicago and St. Louis Railroad Co.* v. *Blumenthal, supra,* it was held a drover riding on a railway freight train in charge of cattle he was shipping, might recover for an injury received by the negligent management of the train. On page 48 the court say: "A carrier will be held to the same strict accountability for the negligence of its servants resulting in injury to a passenger who is lawfully and properly on a freight train, as governs its liability for such negligence when the transportation is upon a train devoted to passenger service exclusively."

In the case of *Hartford Deposit Co.* v. *Sollitt, supra,* we held that the owner of a passenger elevator was subject to all the rules and liabilities of any other carrier of passengers, and there is no reason, in principle, why the analogy held to exist between passenger and freight trains, as common carriers, does not exist between passenger and freight elevators, in cases where the owners of freight elevators permit the carriage of passengers thereon for hire. The proprietor of an elevator run for

the use of the tenants of an office building is a carrier of passengers for hire. The proprietor's compensation is the rental paid him by the tenant. (10 Am. & Eng. Ency. of Law,—2d ed.—946.)

The question as to whether the plaintiff was lawfully on the elevator at the time of the injury, in the performance of a duty incident to his employment, was a question of fact for the jury. (*Stewart* v. *Harvard College*, 12 Allen,—Mass.—58.) That the elevator fell, that the plaintiff was rightfully a passenger thereon, and that he was seriously injured by its fall, was clearly shown by the plaintiff's testimony. The trial court did not, therefore, err in declining to take the case from the jury.

The provision in the lease of the defendant to the Kinsella Glass Company, to the effect that the defendant should "not be liable for any damages occasioned by a failure to keep said premises and elevator in repair," was not binding upon plaintiff. He was not a party thereto. A carrier of persons cannot limit his liability to a passenger except by express contract with the passenger.

The court did not err in permitting the plaintiff to prove that it was his custom, as well as the custom of the employees of other tenants in the buildings, to accompany freight being elevated or lowered by them on said elevator while such elevator was being operated by the agent of defendant. Such evidence was properly admitted as tending to show that plaintiff was rightfully upon said elevator at the time of the accident.

The jury were properly instructed. All the refused instructions were covered by instructions given or are in conflict with the views herein expressed.

We find no error in this record. The judgment of the Appellate Court will therefore be affirmed.

*Judgment affirmed.*