## Minna Winheim v. Marshall Field et al.

1. PASSENGER ELEVATORS—*Operator Must Exercise Highest Degree of Care and Diligence.*—Operators of passenger elevators upon the grounds of public policy are required to exercise the highest degree of

care and diligence. The law holds them to the utmost care and diligence of very cautious persons, and responsible for the slightest neglect.

2.  SAME—*Averment of the Breaking of the Machinery and the Consequent Falling of the Elevator Raises a Presumption of Negligence.*— An averment of the breaking of the machinery and the consequent falling of the elevator from the third floor to the basement raises a presumption of negligence.

3.  PLEADING — *An Averment that an Act is Negligent is Unnecessary.*—The pleader must state facts from which the law will raise a duty and show an omission of the duty and resulting injury, but when that is done an averment that the act was negligent is unnecessary.

4.  SAME—*Declaration May be Amended Before Judgment.*—The court has power to permit an amendment to the declaration at any time before judgment rendered.

5.  STATUTE OF LIMITATIONS—*Should Not Avail Against an Amended Declaration Re-stating the Same Cause of Action.*—A plea of the statute of limitations should not avail against an amended declaration which merely re-states the same cause of action.

6.  VERDICT—*Aider by.*—If the issues joined be such as necessarily required, on the trial, proof of the facts defectively stated, or omitted, and without which it is to be presumed that either the judge would direct the jury to give or that the jury would have given the verdict, such defect, imperfection or omission is cured by verdict.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Cook County: the Hon. FRANK BAKER, Judge presiding. Heard in the Branch Appellate Court at the March term, 1902. Reversed and remanded. Opinion filed February 27, 1903.

Statement.—This was an action on the case by appellant, Minna Winheim, against appellees, Marshall Field and others, composing, in December, 1893, the copartnership of Marshall Field & Company, and the Crane Elevator Company, a corporation, to recover damages for a personal injury suffered by appellant through the fall of a passenger elevator in which she was riding in the retail store of Marshall Field & Company on December 16, 1893.

Appellant averred in her amended declaration that at the time of the accident the elevator was jointly operated by Marshall Field & Company and the Crane Elevator Company.

At the close of plaintiff's case, the jury, in obedience to a peremptory instruction by the court, returned a verdict of not guilty as to the Crane Elevator Company.

The remaining defendants thereupon introduced their

evidence. At the close of the evidence the court refused to give a peremptory instruction requested by defendants and submitted the case to the jury, giving two instructions asked by plaintiff and twenty-four by defendants. The jury found the defendants, Marshall Field & Company, guilty, and fixed the plaintiff's damages at $10,000. Motion for a new trial by said defendants was overruled; and thereupon defendants filed a motion to arrest the judgment on verdict, on the ground that the declaration did not charge the defendants with actionable negligence.

Pending the motion in arrest and before the decision of the court thereon, plaintiff asked leave to amend her declaration in accordance with the evidence. This motion was denied. The motion in arrest of judgment was afterward sustained by the court. Subsequently, plaintiff moved to set aside the order arresting the judgment and for leave to amend in accordance with the evidence, and also for judgment on the verdict, which motions were denied by the court.

The court afterward permitted plaintiff to file an amended declaration in accordance with the evidence, embodying in substance the charges sought to be made by the amendments offered while the motion in arrest was under advisement.

After the filing of the amended declaration, plaintiff again moved for judgment on the verdict but her motion was denied. Defendants were allowed to plead and all filed two pleas: (1) not guilty, and (2) the two years' statute of limitations.

Joining issue on the first plea plaintiff filed a general and special demurrer to the second plea, the ground of the special demurrer being, that the counts of the amended declaration were the same in substance as the counts of the original declaration and did not set forth a new cause of action, but were merely a re-statement of the old.

This demurrer was overruled by the court, plaintiff elected to stand by her demurrer and the court thereupon entered judgment for the defendants. Plaintiff took appro-

priate exceptions to all the foregoing orders adverse to her and has perfected her appeal, assigning for error the action of the court in (1) arresting judgment on the verdict, (2) denying plaintiff's motion for judgment, (3) denying plaintiff leave to amend while the motion in arrest was under advisement, (4) entering judgment for defendants, (5) overruling the demurrer to the plea of the statute of limitation.

On December 16, 1893, plaintiff, then twenty-two years of age, went to the retail store of Marshall Field & Company. Having made a purchase and eaten her luncheon in the tea room on the fourth floor, she took one of the passenger elevators to descend to the street level. The elevator fell from the third floor to the basement and thereby plaintiff received the injuries to recover for which she has brought this suit. She has never walked without a crutch since the accident; then she was receiving a salary of ten dollars per week. The cause of the falling of the elevator was the breaking of one of the flanges upon the cylinder, allowing the cylinder to be pulled out of the flange and the water to escape suddenly. There was attached to the elevator car which fell a safety device, designed, when the car reached a certain rate of speed, to throw out clutches to grasp the steel guides and thus prevent the car from falling. At the time of the accident this safety device did not operate.

H. S. & F. S. OSBORNE and FLOWER, VROMAN & MUSGRAVE, attorneys for appellant; R. F. PETTIBONE, of counsel.

Persons operating elevators in buildings, for the purpose of carrying persons from one story to another, are common carriers, and the same degree of care is imposed upon them as the law imposes upon common carriers; the law requires them to do all that human care, vigilance and foresight can reasonably do under the circumstances, and in view of the character and mode of conveyance, to guard against accident and consequential injuries. Hartford Deposit Co. v. Sollitt, 172 Ill. 222; Springer v. Ford, 189 Ill. 430; Treadwell v. Whittier, 80 Cal. 575; Field v. French, 80 Ill. App. 78.

Winheim v. Field.

WING & CHADBOURNE and FRANK P. LEFFINGWELL, attorneys for appellees.

The general common law rule is, that where a declaration is so defective that it will not sustain a judgment, the objection may be availed of on motion in arrest in the trial court or on error in the Appellate Court.   C. & E. I. R. R. Co. v. Hines, 132 Ill. 161;  Wilson v. Myrick, 26 Ill. 34;  Schofield v. Settley, 31 Ill. 515;  Kipp v. Lichtenstein, 79 Ill. 358;  People, etc., v. City of Spring Valley, 129 Ill. 169, 178;  Gerke v. Fancher, 158 Ill. 375, 380.

The pleader must allege not only the facts showing the duty of the defendant, but also the facts showing a breach of the duty so alleged.   And the omission to allege a breach of duty can not be aided or entered by verdict.   Taylor v. Felsing, 164 Ill. 331, 335;  Ayers v. Chicago, 111 Ill. 406;  1 Chit. Pl. *365, *370.

MR. JUSTICE BURKE delivered the opinion of the court.

This is an action on the case by appellant, Minna Winheim, against Marshall Field and others, to recover damages for a personal injury suffered by her through the fall of a passenger elevator in which she was riding in the retail store of Marshall Field & Company.   A verdict for $10,000 was returned.   A motion in arrest of judgment was made and sustained.   It is insisted that the court erred in granting defendant's motion in arrest of judgment.

1.   Before considering the question of pleadings it is to be said in the language of Springer v. Ford, 189 Ill. 430, " the operators of passenger elevators, upon the grounds of public policy, are required to exercise the highest degree of care and diligence."   Therein is quoted with approval from the Supreme Court of California in Treadwell v. Wluther, 80 Cal. 575, the following :

" Persons who are lifted by elevators are subjected to great risks to life and limb.   They are hoisted vertically and are unable, in case of the breaking of the machinery, to help themselves.   The person running such elevator must be held to undertake to raise such persons safely as far as human care and foresight will go.   The law holds him to

the utmost care and diligence of very cautious persons and responsible for the slightest neglect." Hartford Deposit Company v. Sollitt, 172 Ill. 222; Field v. French, 80 Ill. App. 78; Springer v. Schultz, 105 Ill. App. 544.

2.   Did the court err in granting defendants' motion in arrest of judgment, or is the declaration sufficient to warrant a judgment on the verdict? Appellees insist that sufficient facts are not stated therein from which the law raises a duty.   The declaration avers (1) ownership and operation of the elevator by the defendants, (2) its unsafe and unsound condition, (3) its breaking and falling, thereby causing the injury to plaintiff, while rightfully in the elevator and in the exercise of due care on her part.   Counsel for appellees claim that this declaration is lacking in what they term is the indispensable averment of the defendants' omission of duty, i. e., counsel say that the declaration alleges a duty without alleging a breach thereof; and the same counsel, however, admit that it is sufficient to allege facts that disclose the omission of a legal duty.   It is a rule of pleading in this state that the pleader must state facts from which the law will raise a duty, and show an omission of the duty and resulting injury, but when that is done an averment that the act was negligent was unnecessary.   Louisville E. & St. L. R. R. Co. v. Hawthorn, 147 Ill. 226; Taylor v. Felsing, 164 Ill. 331; Chicago & Alton R. R. Co. v. Swan, 176 Ill. 424.   No one of the cases cited by counsel arose where the liability of the defendant toward the plaintiff was that of a common carrier of passengers.   In the case at bar the owners and operators of the elevator were bound to exercise toward the plaintiff the same degree of care as the law imposes upon common carriers.   Springer v. Ford, *supra*.   In the case of a common carrier the plaintiff establishes a *prima facie* case if he avers in his declaration and proves that the defendant operated the train, and that as a passenger he was rightfully riding thereon, in the exercise of due care, and that the defendant's train was wrecked and plaintiff thereby injured.   Plaintiff is thereupon entitled to recover judgment unless the defendant therein shows that the accident was not due to its neg-

ligence.   The mere fact that the railroad train was derailed
raises the presumption of negligence on the part of the
company and makes a *prima facie* case for the plaintiff; and
so in the declaration before us the averment of the break-
ing of the machinery and the consequent falling of the
elevator from the third floor to the basement raises a pre-
sumption of negligence.   In New York, C. & St. L. R. R.
Co. v. Blumenthal, 160 Ill. 40, it is said :

" The happening, unexplained, of an accident to a pas-
senger during the course of his transportation, raises a pre-
sumption that the carrier has been negligent.   The burden
of rebutting this presumption rests upon the carrier.
Undoubtedly the law requires the plaintiff to show that
the defendant has been negligent.   But where the plaintiff
is a passenger a *prima facie* case of negligence is made out
by showing the happening of the accident.   If the injury
to the passenger is caused by apparatus wholly under the
control of the carrier and furnished and applied by it, a
presumption of negligence on its part is raised.   If, then,
the pleader avers that an accident happened to a passenger
during the course of his transportation, while he himself
was in the exercise of due care, and the same is proved,
unless explained by the defendant is a declaration after
verdict not sufficient, though it omits to aver in words that
the defendant omitted the duty which the law imposes ?
As appears from the cases above cited the rule as to the
proof in case of accidents upon steam cars or elevators is
different from that which obtains in most other classes of
personal injury cases.

It is certainly to be presumed that the plaintiff proved
all the averments of his declaration or some count thereof.
Therein it is stated that plaintiff was a passenger in the
exercise of due care upon the elevator operated by the
defendants, and that it was unsafe and unsound, and fell,
and thereby caused her injury.   These averments, if
proved, made a *prima facie* case, and unless explained, were
sufficient to warrant a verdict and a judgment.   Where
the relation of passenger and carrier exists and the duty

the carrier owes the plaintiff arises out of those relations, the law, without an averment in the declaration to that effect, because of the utter helplessness of the passenger, declares that the defendant carrier, unless the accident is explained, has failed to discharge its duty in case of injury to the passenger.

Counsel for appellees refer to the omission of the *scienter* in a declaration brought to recover for an injury done by the defendant's dog to the person of the plaintiff, and say that there the defendant was alleged to be the owner of a vicious animal, and in this case alleged to be the owner of a vicious machine, and in neither case does the declaration charge the defendant with any knowledge of the existing viciousness. It will scarcely be sufficient or satisfactory for the owner and operator of an elevator to say, after an unsafe and unsound elevator has fallen and caused injury or death to passengers that he did not know or did not have the means of knowing, that the elevator was liable to fall. The character of the business of carrying passengers up perpendicularly is characterized by the Supreme Court as "extremely dangerous." All dogs are not extremely vicious.

In our opinion the declaration alleged sufficient facts to show that it was the duty of the defendants to maintain the elevator in a suitable and safe condition for the plaintiff's use as a passenger thereon; and further, that the elevator not being under the control of the plaintiff, it was not her duty to examine it and ascertain whether it was suitable and safe, and hence she was not required to allege specifically the nature of the defect which caused the accident. Springer v. Ford, *supra*. If the law does not require her to aver or even know the defect in the elevator, it can not with reason be claimed that the absence of a general averment in the declaration of an omission of duty in this kind of case will make the declaration such that it can not sustain the judgment after verdict. It is true that in this matter a rule of evidence must not be confounded with a rule of pleading which requires the plaintiff to aver

the substantial facts showing the defendants' negligence. The undisputed facts properly pleaded are that the plaintiff entrusted her body and life to the care of the defendants. They accepted the trust. Their elevator broke and fell. The plaintiff was entirely ignorant of its mechanism. If the defendants have any defense unknown to the passenger why they were justified in accepting her as a passenger upon their elevator which hurled her to her injury, and why they were not negligent in so doing, the law calls upon them to make such defense regardless of the absence from the declaration of a suggestion in words that they have omitted the discharge of some duty.

Further, a rule of pleading may be invoked to sustain this declaration after verdict, which is laid down in Chitty's Pleadings and quoted with approval in Gerke v. Fancher, 158 Ill. 375:

" If the issue joined be such as necessarily required, on the trial, proof of the facts defectively stated, or omitted, and without which it is to be presumed that either the judge would direct the jury to give or that the jury would have given the verdict, such defect, imperfection or omission is cured by verdict."

In our opinion the court erred in granting defendants' motion in arrest of judgment. Holding the views herein expressed, it will be unnecessary to review at length the proceedings and rulings of court made subsequent to granting the motion in arrest of judgment. Plaintiff asked leave to amend her declaration, pending the decision of the motion in arrest of judgment. Section 23 of the practice act provides, that, " at any time before final judgment in a civil suit amendments may be allowed in any matter, either of form or substance in any process, pleading or proceeding, which may enable the plaintiff to sustain the action for the claim for which it was intended to be, or the defendant to make a good defense." The amendment was asked for in this case after verdict but before judgment. Therefore, under the very liberal provision of the statute, the court unquestionably had power to permit the amendment. McCullom v. I. & St. L. R. R. Co., 94 Ill. 534; Independent

Order of M. A. v. Paine, 122 Ill. 625; Milwaukee Ins. Co. v. Schallman, 188 Ill. 213.

There doubtless would have been no surprise to the defendants if the amendment had been allowed. If in fact the defendants had desired to introduce other or more evidence, provided the words proposed in the amendment had been in the original declaration, then perhaps this court would do an injustice to defendants in not making such order as will require a retrial of this case. If the allowance of the amendment in this case would have, in the opinion of the trial court, tended to have worked any injustice toward the defendants, leave should then have been given them to have introduced further evidence.

We think the court ruled correctly in entering judgment for costs in favor of the Crane Elevator Company. Beyond the question of evidence it is to be observed that the Crane Elevator Company did not sustain the same relations to the plaintiff as did the other defendants.

We think the court erred in overruling plaintiff's demurrer to defendants' plea of the two years' statute of limitations. It is to be inferred that the trial court so ruled, because in his opinion the declaration upon which the case was tried stated no cause of action. Holding, as we do, that the former declaration did state, even if defectively, a cause of action, it follows that by amendment the defects could be supplied. The demurrer should have been sustained. Chicago Gen. R. R. Co. v. Carroll, 189 Ill. 273; Chicago City R. R. Co. v. Hackendahl, 188 Ill. 300.

After carefully considering all parts of this record we have decided not to order that judgment be entered, but we shall order the judgment reversed and the case remanded.