John Steiskal, Appellee, v. Marshall Field & Company, Appellant.

Gen. No. 14,059.

1. PLEADING—*when declaration states cause of action for injuries occasioned by falling of elevator. Held*, that the declaration in this case sufficiently charged that the plaintiff was a passenger in the elevator in which the accident happened, and that such declaration was sufficient after verdict.

2. STATUTE OF LIMITATIONS—*when amendment does not state new cause of action.* An amendment to a declaration does not state a new cause of action which consists in the striking out of the word "owned" from the averment that the defendant "owned, controlled and carried on" the store in question.

3. PERSONAL INJURIES—*when person upon premises impliedly there by invitation. Held*, that a great mercantile establishment open to the public for the transaction of business, impliedly gives an invitation to all persons having business with such establishment to enter upon such premises.

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1907. Affirmed. Opinion filed July 14, 1908. Rehearing denied July 24, 1908.

Statement by the Court. This is an action by appellee to recover for personal injuries received in the fall of a passenger elevator in the store operated by the appellant. There is evidence tending to show that the plaintiff went into the store for the purpose of seeking employment, that he took an elevator and went to the ninth floor to see the superintendent with reference to his errand. Not finding the superintendent

in, he took a passenger elevator at the ninth floor to descend to the first floor. There was no one else in the car except the operator of the car. Almost immediately after the descent began, "something happened," it is said by defendant's counsel, to put the car beyond the control of the operator and it descended with great velocity to the basement of the store, wrecking the elevator, killing the operator of the car and inflicting the injuries complained of, upon the plaintiff.

The issues were submitted to a jury, which returned a verdict in favor of the plaintiff, awarding him damages in the sum of ten thousand dollars. Judgment was rendered accordingly and the defendant appeals.

FRANK P. LEFFINGWELL, for appellant.

WINSTON, PAYNE, STRAWN & SHAW, for appellee; JOHN BARTON PAYNE, of counsel.

MR. JUSTICE FREEMAN delivered the opinion of the court.

It is contended in the defendant's behalf that the court erred in denying a motion in arrest of judgment, based on the ground that the declaration failed to state a cause of action; that it was error not to overrule the demurrer to the defendant's plea of the Statute of Limitations to the plaintiff's amended declaration, by which plea the question was presented whether an amendment to the declaration on the trial, striking out the word "owned" where it is said to have been applied to the building and elevator in question, stated a new cause of action; that it was error to deny defendant's motion to strike out all the evidence on the ground of variance between the allegations of the declaration and the proofs as to ownership of the building and elevator; that it was error not to sustain defendant's motions which it is said raised the question whether plaintiff had properly alleged and proved on the trial that he was an invited passenger in the el-

evator instead of a mere licensee; that the court erred in refusing to direct a verdict of not guilty and in refusing certain instructions requested in behalf of the defendant.

As to the alleged error in not sustaining the defendant's motion in arrest of judgment, the declaration alleged that the defendant controlled and carried on a retail business in its store building and operated the elevator for carrying passengers from floor to floor in the building, that plaintiff was rightfully in the store and was a passenger in the elevator and that it was the defendant's duty to carry him safely, in which it failed, owing to the fact that the machinery of the elevator broke down and precipitated the plaintiff into the basement by reason of the defendant's negligence. It is urged the allegations that the plaintiff was rightfully in the store and was a passenger in the elevator are mere statements of conclusions. Whether this be deemed true or not as to the averment that plaintiff was rightfully in the store, the objection is not well taken as to the averment that he was a passenger and entered the elevator as such passenger at the ninth floor to be carried to the main floor, and that while a passenger in the descending elevator he was injured in consequence of defendant's negligence. The declaration avers a state of facts showing that the plaintiff had become a passenger in the elevator and had been accepted as such by the defendant before the accident. The objections to the declaration urged at great length in defendant's behalf are purely technical and it must suffice to say that in any event the declaration is amply sufficient to sustain the judgment after verdict. If it should be conceded that it defectively stated a cause of action, such statement must be deemed sufficient after verdict. C. &. A. R. R. Co. v. Clausen, 173 Ill. 100-105.

We find no error in the action of the court below sustaining the demurrer to the defendant's plea of the Statute of Limitations. The declaration contained an

averment that the defendant corporation "owned, controlled and carried on a certain retail dry goods and general store in its store building," etc. A witness for the defendant testified that Marshall Field was the owner of the store at the time of the accident, and that it was occupied by the defendant corporation, Marshall Field & Company, as lessees of the whole building, including the elevators; that the building and elevators were erected expressly to be used for the store of Marshall Field & Company and were never used for any other purpose. The evidence tends to show without contradiction that the defendant "owned" the store and operated it in the building which it leased and controlled, and which, under the evidence, was in a sense, while so leased and occupied, "its store building." The averment is not that defendant "owned" the building, but that it "owned, controlled and carried on" the store. The amendment striking out the word "owned" caused the declaration to state no new or different cause of action. We are of opinion also that the objection that the trial court erred in denying a motion to strike out all of the plaintiff's evidence on the ground of variance is not well taken, and that the declaration stated a cause of action sustained by the evidence.

It is argued that it was error to refuse certain instructions asked for by the defendant. It appears to be conceded that where the cause of action is based on the relation of passenger and common carrier the rule *res ipsa loquitur* is applicable, and that the law is well settled in this state that persons operating passenger elevators in buildings are common carriers of passengers. Hartford Deposit Co. v. Sollitt, 172 Ill. 222. As we have said, the declaration avers in substance that plaintiff was a passenger and had been accepted as such by the defendant before the accident to the elevator. It is contended, however, the evidence tends to show that he was not a passenger, but was at the most a mere licensee not using the elevator by in-

vitation of the defendant, and that the latter's sole duty toward him was to refrain from wilful or affirmative acts to his injury. The evidence tends to show that these elevators were used to carry persons having business there with the defendant, and there was, we think, a clearly implied invitation to use them extended to all such persons, whether customers, possible customers or having other business there with the defendant or with persons rightfully in the defendant's store. In a great store like that of defendant making use, as there is evidence tending to show, of a large building, the presence of the elevators, the use to which they are constantly put, the number of persons presumably making use of them to ascend and descend from one floor or department of the store to another, necessarily implies a general invitation to any one in the store on business or even sightseeing to make free use of the elevators at all proper times. To hold otherwise under the evidence would border on absurdity. It was, however, a question of fact for the jury as to whether the plaintiff was lawfully on the elevator and had become a passenger, accepted as such by the defendant at the time of the injury. Springer v. Ford, 189 Ill. 430-438. If he had been so accepted, the question of whether there was a previous implied invitation is, we think, immaterial. The finding of the jury must be deemed conclusive on the question of fact. See Elliott on Railroads, sec. 1578; Hutchinson on Carriers, vol. 2, sec. 997; Ill. Cent. R. Co. v. O'Keefe, 168 Ill. 119.

Defendant does not complain of the amount of the verdict and judgment.

Finding no material error, the judgment of the Circuit Court will be affirmed.

*Affirmed.*