# Helen M. Clark Burdette, Plaintiff in Error, v. The Chicago Auditorium Association, Defendant in Error.

## Gen. No. 15,873.

1. VERDICTS—*when set aside as against the evidence.* A verdict will be set aside as against the evidence if clearly and manifestly so.

2. NEGLIGENCE—*when presumption of, arises.* A presumption arises against the owner and operator of a passenger lift in a building, in favor of a person injured while in transportation under ordinary conditions.

3. NEGLIGENCE—*when declaration charges general. Held,* that the declaration in this case charged negligence so generally that the plaintiff might avail of the presumption of negligence arising against the defendant.

4. INSTRUCTIONS—*test upon review.* In considering rulings "the proper question as to instructions on appeal is: 'Were the jury fully and fairly instructed on the law of the case, or on the other hand, were they either misinformed or misled?'"

5. INSTRUCTIONS—*should not single out testimony upon one side.* Instructions should not single out and place emphasis upon the testimony of one side of the case.

Action in case for personal injuries. Error to the Circuit Court of Cook county; the HON. JOHN A. GRAY, Judge, presiding. Heard in this court at the October term, 1909. Reversed and remanded. Opinion filed November 20, 1911.

JOHN W. BURDETTE, for plaintiff in error.

E. E. GRAY, F. J. CANTY and J. C. M. CLOW, for defendant in error.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

In this case the plaintiff, Helen M. Clark Burdette, sued the defendant, The Chicago Auditorium Association, for a personal injury alleged to have been suf-

fered by her through the negligence of the defendant corporation, or its servants, while she was a passenger in an elevator or lift of the defendant corporation in the part of its building devoted to business offices.

The first count of her declaration makes the gist of her complaint that "the defendant caused said car to descend with great speed and momentum and negligently and carelessly caused said car to stop in its descent with great force and violence," by which action the plaintiff was injured.

The second count alleged that the defendant "negligently and carelessly suffered the machinery and appliances by which said car was operated to become and be defective, unsafe and insecure, by reason whereof said car was not capable of being controlled and fell a great distance, and suddenly stopped with great force and violence."

The third count asserted that the defendant "employed unskilful, careless and incompetent servants and employees to manage, control and operate said car," by reason whereof "said car was, while descending at great speed, caused to stop suddenly and with great force and violence."

The fourth count made the general charge that the defendant "negligently and carelessly so operated said car" that the plaintiff was injured.

The defendant pleaded not guilty, and on a trial a jury so found it. A motion for a new trial and one in arrest of judgment were made by the plaintiff and denied by the court. A judgment of *nil capiat* and for costs was rendered against the plaintiff and this appeal followed. The plaintiff complains in her first ten assignments of errors of certain specific rulings on evidence, none of which we think contains reversible error. In other assignments she complains of the giving of one of the instructions tendered by the defendant and of the refusal of three, hereinafter referred to, offered by the plaintiff.

The overruling of the motion for a new trial being also assigned for error, there is before us the proposition, vigorously insisted on in argument, that the verdict was manifestly and clearly against the weight of the evidence.

On this point counsel for appellee well say in their argument:

"The question is, can this Court say that the verdict is clearly and manifestly against the weight of the evidence and therefore the verdict should be set aside? There is only one way to settle this question, and that is to examine the testimony on both sides as shown in the abstract and record. It is not possible, within the legitimate limits of a brief, to so fully argue this question as to obviate the necessity of the court examining the testimony itself."

This we have done, reading and rereading the evidence as set forth in the record, and we are forced to the conclusion that the contention of the plaintiff is justifiably made, and that the verdict was clearly against its weight. We are reluctant at all times to disturb the verdict of a jury on this ground, but it is sometimes our duty, and it is as much so in a proper case (although such cases are more infrequent) when, in an action of this kind, the verdict is against the plaintiff, as when it is in his favor.

As this case may very probably be tried again, we do not purpose to discuss the evidence. It is enough for us to say that we think that the testimony on both sides establishes an accident of some sort in the operation of an elevator of the defendant in which the plaintiff was a passenger. We may say that we agree with the counsel for appellee that the accident, of which differing versions were given by the respective witnesses for the contending parties, was clearly identified. The parties were testifying as to the same occurrence. We have no doubt of this.

And nothing was offered in contradiction of the presumption that arises that the accident was the result of negligence in the construction, maintenance or operation of the elevator.   That presumption arises against the owner and operator of a passenger lift in a building, in favor of a person injured while in transportation under the ordinary conditions, as well as against the owner and operator of a railroad in favor of a passenger injured in transportation.   Springer v. Ford, 189 Ill. 430; N. Y., Chicago & St. L. R. R. Co. v. Blumenthal, 160 Ill. 40.

Counsel for appellee argue indeed, in another connection, that in this cause the presumption does not arise, or at least cannot be held effective because each count of the declaration charges a specific act of negligence, and one of them must be specifically proved. But if the first count is to be considered as charging a specific negligent act in the operation of the car by the "elevator man," and the second, negligence of the defendant company in the maintenance of the machinery or appliances of the elevator, and the third, the negligence of that company in the employment of an incompetent "elevator man," the fourth, which simply says that it "was the duty of the defendant *to operate and manage* said car in a reasonably safe manner," and that "not regarding its duty in that behalf" it "negligently and carelessly so *operated* said car that plaintiff, exercising due care and caution for her own safety, was violently thrown upon the floor of said car," etc., is a general enough statement of the negligence to require, if the accident and damage were proven, some refutation of a presumption that they occurred through the negligence of the defendant.

As we have said, we think that an accident of some kind, in which the plaintiff was involved, but the slightness or gravity of which was a subject in dispute to be judged by the jury, was testified to by both parties; and we think that the clear and manifest preponder-

ance of the evidence is that some injury and damage thereby resulted to the plaintiff. Had the question in this appeal been the amount of damages to which the plaintiff was entitled, we should not have interfered with a finding of the jury minimizing them to any extent that they thought right; nor, on the other hand, with any assessment of them within reason, conforming to the testimony offered on behalf of the plaintiff. On the subject of damages we should have accepted, in view of the conflicting evidence, the judgment of the jury. But we cannot escape from the conviction that in finding the issues for the defendant on this record, the jury, in view of the rules of law applicable to the case, found contrary to the clear weight of the evidence. This may well be explained, as counsel for appellant suggests, by the failure of the instructions to present to the jury more than one aspect of the plaintiff's case. We think that the jury might well have supposed, from the only instruction which was given on the liability of the defendant, that it depended entirely on a specifically careless act by the elevator man at the time of the accident. This was not the case. The defendant was equally liable if the accident were caused by defective appliances or by the general incompetence of the elevator man. Indeed, in the absence of any refutation in the evidence of the presumption of negligence arising from the accident, it was liable under the fourth count of the declaration whatever in the management or operation of the elevator was the cause.

Appellee insists that the first, third, fourth and fifth instructions tendered by the plaintiff, which presented these aspects of her case, were erroneous in not containing limitations which should have been placed in them, and that this justified their rejection. We are not prepared to say that they should have been given in the exact form tendered, but if they were objectionable in the manner pointed out by the defendant, they

should have been modified by the court and given.    As we had occasion to say in the opinion in Tomlinson v. Chicago & Eastern Illinois Railroad Company, No. 11712 in this court, (unreported):

"The proper question as to instructions on appeal is: 'Were the jury fully and fairly instructed on the law of the case, or, on the other hand, were they either misinformed or misled?' That they should have been misled is quite as bad as that they should have been misinformed,—in most cases perhaps even worse in its results."

Moreover, although we might not, on that account alone, have reversed this judgment, we deem the seventh given instruction tendered "on behalf of the defendant" objectionable. It was as follows:

"The court instructs the jury that you are not required to believe any statement to be a fact simply because *the plaintiff* or any other witness or witnesses has or have sworn it to be a fact, if you believe from the evidence that such witness or witnesses has or have wilfully or knowingly sworn falsely to any alleged fact, even if such witnesses do not directly contradict each other with respect to such matters."

We cannot approve the singling out and placing the emphasis on the plaintiff's testimony, as that which the jury may disregard.    The proposition is true enough abstractly, but it had a tendency to be misleading and prejudicial on this case.    We do not think the mere placing of the words "or any other witness or witnesses" after the words "the plaintiff" redeems it from this vice.

The judgment of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*