MARGARET E. WALSH, Exrx., Appellee, *vs.* MATTHEW CULLEN, Appellant.

*Opinion filed June 18, 1908.*

1. APPEALS AND ERRORS—*effect where testimony on second trial is materially different from first.* The contention that because the testimony given upon the second trial of a case at law was materially different from that given on the first trial it should not be credited cannot be considered by the Supreme Court, as such question is one for the jury, the trial court and the Appellate Court.

2. MASTER AND SERVANT—*proprietor of elevator is not a carrier of passengers as to his own employees.* The proprietor of an elevator in a building is not a carrier of passengers as respects his own employees who use the elevator, but he is charged with all the duties which a master owes to a servant in other cases, and the employees are subject to the rules of law governing the assumption of risks and the negligence of fellow-servants.

3. SAME—*hotel waitress using elevator on return from a walk uses it as an employee.* A hotel waitress using the elevator to go to her room upon returning from a walk uses the same as an employee, and the duties and liabilities of the hotel proprietor, in case the waitress is injured, must be measured by the rules governing the relation of master and servant and not by those applying to the relation of carrier and passenger, which exists as between the proprietor and his guests and their visitors.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. GEORGE A. DUPUY, Judge, presiding.

SHOPE, ZANE, BUSBY & WEBER, (E. BENTLEY HAMILTON, of counsel,) for appellant.

A. W. BRICKWOOD, and BENJAMIN F. RICHOLSON, for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

Agnes Higgins brought this suit in the superior court of Cook county to recover damages for an injury suffered by her in attempting to enter an elevator in the hotel of the appellant, Matthew Cullen, where she was employed as a waitress. A judgment in her favor and a judgment of the Appellate Court affirming the same were reversed by this court, and the facts as they appeared in the record before the court are fully stated in the opinion then filed. (*Cullen* v. *Higgins,* 216 Ill. 78.) Upon a second trial another judgment in favor of the plaintiff was rendered, and that judgment was also affirmed by the Appellate Court for the First District. The plaintiff died, and the appellee, Margaret E. Walsh, her executrix, was substituted by order of the Appellate Court. The appellant has prosecuted a further appeal to this court.

The reversal on the former appeal resulted from errors of the trial court in refusing to direct a verdict of not guilty for want of proof that the plaintiff was in the exercise of due care, and in giving an instruction permitting the jury to include in their estimate of damages injury to personal appearance and refusing an instruction correctly stating the law as to care required of the plaintiff. On the second trial the testimony of the plaintiff as to what she did and the exercise of care by her was quite different from that given on the first trial. The time during which she stood at the elevator door without notifying the elevator boy of her presence was shortened from three, four or five minutes at the first trial to a few seconds,—just long

enough for the bell-boy, who was coming to the elevator, to walk about twelve feet into the elevator and open the door. She also testified that the elevator did not start as soon as the bell-boy stepped into it; that when the elevator started she had one foot on it and had her weight on that foot, and that when the elevator went up she was half in the elevator. There was also evidence that the bell-boy had operated the elevator before, and that the boys were elevator-boys and bell-boys alternately. It is insisted that the evidence of the plaintiff on the last trial, being materially different from that given on the first trial, should not be credited. But that was a question for the jury, the trial court and the Appellate Court. It is not open to consideration here.

There were three counts in the declaration. The first and third alleged, in general language, that the plaintiff became a passenger on the elevator on the first floor to be carried to one of the floors above, and the second alleged that she was about to become a passenger when the elevator was started upward. Neither of the counts averred any fact which would give the plaintiff the rights of a passenger in the sense in which that term is used concerning the relation of carrier and passenger, and there was no averment that the duties of the defendant were those of a common carrier of passengers. The third count averred that the elevator was operated for conveying passengers and employees to and from the various floors, and one who operates an elevator for carrying his employees is not a common carrier of passengers. (4 Thompson on Negligence, sec. 3895.) The averments that the plaintiff became or was about to become a passenger might fairly be regarded as a mere statement that she took passage or was about to take passage in the elevator, and not that the relation of carrier and passenger existed, with its corresponding obligations and duties. The facts proved were that the defendant kept a hotel, where the plaintiff was employed

as a waitress at $14 per month and was furnished with her board and a room on the third floor. The elevator was furnished for the use of the guests of the hotel, and the employees used it without objection whenever they chose to do so. The dining room where the plaintiff rendered her services was on the second floor. She had gone out of the hotel about nine o'clock in the evening for a walk with a friend and returned about eleven o'clock. She was going to the room furnished her as a servant, to spend the night, with the intention of resuming her usual duties in the morning. There was no dispute about these facts, and the question arose on the trial whether they created the relation of carrier and passenger between the parties. On the argument to the jury, counsel for the plaintiff asserted that these facts created that relation; that she was not a servant at the time, but a passenger; that she had paid for her passage; that being a passenger the defendant was bound to exercise the same degree of care toward her as toward guests of the hotel, and that his obligations and duties toward her were those of common carrier to passenger. Counsel for the defendant made frequent objections to such statements and that line of argument, and the court overruled the several objections made. The defendant then asked the court to give this instruction to the jury:

"The court instructs the jury that the plaintiff was not in the position of a passenger upon the elevator in question, and that the plaintiff was not in the position of a guest of the hotel in boarding and riding upon the elevator in question, and that the defendant did not owe to the plaintiff that highest degree of care which would be owing to a passenger or guest of the hotel, but that the test of the duty of the defendant toward the plaintiff was the test of ordinary care on the part of his servant in charge of the elevator."

The court refused to give the instruction, and the defendant has excepted and assigned the refusal as error.

We have held in various cases that those who construct and operate passenger elevators in buildings for the use of their tenants, and visitors of such tenants or persons having business with them, are carriers of passengers, and have the same duties as carriers of passengers by other means of transportation. The law makes no distinction between an undertaking to carry passengers in buildings by means of elevators and an undertaking to carry them upon streets, highways or railroads, and the same obligation to exercise care and skill applies in each case. This has been held to be the law with respect to an elevator in an apartment house occupied for residence purposes; (*Hodges* v. *Percival,* 132 Ill. 53;) elevators in buildings occupied for business purposes; (*Springer* v. *Ford,* 189 Ill. 430; *Beidler* v. *Branshaw,* 200 id. 425;) and elevators supplied for the use of tenants in office buildings. (*Hartford Deposit Co.* v. *Sollitt,* 172 Ill. 222; *Masonic Fraternity Temple Ass.* v. *Collins,* 210 id. 482.) The relation of master and servant creates very different duties, and, as before stated, the proprietor of an elevator does not occupy the position of a carrier of passengers as to his own employees. The law, as between the proprietor of an elevator and his employees, is stated in Thompson on Negligence, *supra,* as follows: "In favor of his own servant, however, the rules and analogies of the law require no more than what is called ordinary or reasonable care and skill." This court recognized the nature of the obligations and duties owing to the servant in *McGregor* v. *Reid, Murdoch & Co.* 178 Ill. 464, where the relations of the parties were not assimilated to those of carrier and passenger but to those of master and servant. The court recognized the doctrine of assumption of risk and the duty of the master to make frequent examinations and apply frequent tests to keep the elevator and working devices in good condition so as to make the operation of the elevator reasonably safe. The duties and liabilities arising out of the relation of master and servant

have been recognized with respect to elevators in mines employed for carrying miners to and from their work. (*Duffy* v. *Kivilin*, 195 Ill. 630; *Spring Valley Coal Co.* v. *Buzis*, 213 id. 341.) The employer who owns and operates the elevator is subject to all the duties toward his employees that obtain in other cases, such as the duty to instruct ignorant servants of dangers not obvious; to use reasonable care, commensurate with the probable dangers, to provide and maintain safe machinery; to inspect the elevator and appliance; to give warning of unknown defects and dangers, and to provide experienced and competent servants to operate the elevators and machinery; and, on the other hand, the servant is subject to the rules of law governing the assumption of risks and the negligence of fellow-servants. The law as maintained by the courts is stated in the American and English Encyclopedia of Law, (vol. 10,—2d ed.—952,) as follows: "The rules fixing the liability of the proprietor for personal injury sustained by his servant in conducting the elevator, or by some other employee, are, of course, ascertained by the general rules governing the relation of master and servant." It is undoubtedly true that a change in the relation may occur, and an employee may cease to occupy that relation and become a passenger when carried on his own independent business or an excursion for his own pleasure, entirely disconnected with his service. (*Doyle* v. *Fitchburg Railroad Co.* 162 Mass. 66.) When that case was again in the Supreme Court it was held that the ticket was not a gratuity, but part of the consideration by which the employee was induced to enter and to continue in the employment of the defendant. (*Doyle* v. *Fitchburg Railroad Co.* 44 N. E. Rep. 6.) An employee being carried to and from his working place by his employer is not a passenger. (4 Elliott on Railroads, sec. 1578.)

The plaintiff had finished her work for the day and went out of the hotel for recreation and was returning to her

room and her duties. Her going out of the hotel for a walk was not inconsistent with the relation of master and servant existing between her and the defendant, and was in accordance with the ordinary and usual custom of house servants when not actually engaged in their duties. If a servant by going from her room to the street and returning again to her room creates a new and independent relation, an employer who would permit a servant to ride with him when not actually engaged in work would be transformed into a carrier of passengers, and a farmer who would carry his farmhand to town after the work of the day was done would be engaged in the same business as a railroad company. The plaintiff was returning to her room for the purpose of resuming her work in the morning, and there was no evidence under which she could be held to be a passenger by being in the elevator. We cannot approve the view of the trial court as to the law that if an employer permits a servant to go from her room to the street and back a new relation arises, with new obligations and duties, and the servant becomes freed from assumption of risk and all other obligations of a servant. The court erred in refusing to give the instruction and in ruling on objections to argument.

There was no implication in the former decision that plaintiff was to be regarded as a passenger or that the duties of the defendant to her were those of a common carrier of passengers. The only inference to be drawn from the opinion is, that the relation was regarded as that of master and servant. The judgments were reversed and the cause was remanded to the superior court for a trial *de novo.* The defendant was not barred from asking the court to instruct the jury as to the legal duties of the parties because of anything in the former appeal or decision.

The judgments of the Appellate Court and superior court are reversed and the cause is remanded to the superior court.          *Reversed and remanded.*