JOHN STEISKAL, Appellee, *vs.* MARSHALL FIELD & Co. Appellant.

*Opinion filed December 15, 1908—Rehearing denied Feb. 10, 1909.*

1. PLEADING—*when a declaration is sufficient, after verdict, to show plaintiff was a passenger in elevator.* A declaration which alleges that the defendant, in the conduct of its business, operated an elevator for passengers and that the plaintiff was rightfully in the elevator and was a passenger therein, is sufficient, after verdict, as to its showing that the relation of carrier and passenger existed.

2. EVIDENCE—*what evidence tends to show that plaintiff was a passenger.* Evidence that the plaintiff entered defendant's store in search of employment; that he was directed to the superintendent's office on the floor above and told to use the elevator; that upon finding the superintendent was not in he returned to the elevator, which dropped to the basement when the operator started to lower it, tends to show that the plaintiff was a passenger, and the question of relationship is concluded by the judgment of the Appellate Court. (*Walsh* v. *Cullen,* 235 Ill. 91, distinguished.)

3. CARRIERS—*person operating passenger elevator is a carrier of passengers.* The owner of a building in which an elevator is operated for the use of persons having business with such owner is a carrier of passengers and is bound to use a high degree of care in transporting them, and the fact that the elevator falls when passengers are being carried thereon is evidence that the elevator was mismanaged, was out of repair or of faulty construction.

DUNN, J., CARTWRIGHT, C. J., and SCOTT, J., dissenting.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding.

FRANK P. LEFFINGWELL, for appellant:

Where a declaration is so defective that it will not sustain a judgment, the objection may be availed of on motion in arrest in the trial court or on error in the Appellate Court. *Railroad Co.* v. *Hines,* 132 Ill. 161; *Wilson* v. *Myrick,* 26 id. 35; *Schofield* v. *Settley,* 31 id. 515; *Kipp* v. *Lichtenstein,* 79 id. 358; *People* v. *Spring Valley,* 129 id. 169; *Gerke* v. *Fancher,* 158 id. 375; *Railway Co.* v. *Liddicoat,* 99 Ala. 545.

The declaration should state the facts which constitute the cause of action, but should not state arguments or inferences, or matter of law, or mere evidence of facts. *Bahr* v. *Deposit Co.* 234 Ill. 101; *McAllister* v. *Kuhn,* 96 U. S. 87; *Galena Railroad Co.* v. *Yarwood,* 17 Ill. 519; *Bedell* v. *Stevens,* 28 N. H. 118; 1 Chitty's Pl. 245, 258; *Walsh* v. *Cullen,* 235 Ill. 91.

It is not sufficient, in a declaration in an action for negligence, simply to state that it was the defendant's duty to do certain things, but the pleader must state the facts from which the law will raise the duty. *Railroad Co.* v. *Clausen,* 173 Ill. 100; *Schueler* v. *Mueller,* 193 id. 402; *Bahr* v. *Deposit Co.* 234 id. 101; 1 Shinn's Pl. 678; *Bowman* v. *People,* 114 Ill. 474; *Taylor* v. *Felsing,* 164 id. 331; *People* v. *Spring Valley,* 129 id. 169; *Ayers* v. *Chicago,* 111 id. 406.

The intendment, after verdict, which will cure a defect in a declaration must arise not merely from the verdict, but from the united effect of the verdict and the issue upon which such verdict was given. 1 Chitty's Pl. *712, *713; *Bowman* v. *People,* 114 Ill. 474; *Dale* v. *Dean,* 16 Conn. 579; *Abrahams* v. *Jones,* 20 Ill. App. 83; *Railroad Co.* v.

*Clausen,* 173 Ill. 100; *Steel Co.* v. *Shields,* 134 id. 209; *Eberhart* v. *Reister,* 96 Ind. 481.

The issue joined did not necessarily require proof, on the trial, of the facts omitted from the declaration. 1 Chitty's Pl. 712, 719, 722; *Railroad Co.* v. *Hines,* 132 Ill. 161; *Walsh* v. *Cullen,* 235 id. 91; *Bahr* v. *Deposit Co.* 234 id. 101; *Eberhart* v. *Reister,* 96 Ind. 481; *Bishop* v. *Hayward,* 4 T. R. 470; *Bowman* v. *People,* 114 Ill. 474; *Railroad Co.* v. *Clausen,* 173 id. 100; *Steel Co.* v. *Shields,* 134 id. 209; *Kipp* v. *Lichtenstein,* 79 id. 358; *Railway Co.* v. *Keck,* 185 id. 400; *Insurance Co.* v. *Bank,* 61 id. 482.

The plaintiff was not, at the time he was injured, an invited passenger in the elevator, but, at most, was a mere licensee. *Gibson* v. *Leonard,* 143 Ill. 182; *Railroad Co.* v. *Jennings,* 190 id. 378; *Bentley* v. *Loverock,* 102 Ill. App. 166; *Gibson* v. *Sziepienski,* 37 id. 601; 10 Am. & Eng. Ency. of Law, 944-969; *Snyder* v. *Railroad Co.* 42 La. Ann. 302; *McAllister* v. *Jung,* 112 Ill. App. 138; 1 Thompson on Negligence, secs. 945, 987-1075; 3 id. sec. 2658; 4 id. secs. 3907, 3909; 6 id. sec. 7635; *Elliott* v. *Carson,* 54 Ill. App. 470; *Railroad Co.* v. *Leeper,* 60 id. 194; *Beehler* v. *Daniels,* 18 R. I. 563; *Weldon* v. *Railroad Co.* 2 Penne. (Del.) 1; *Morgan* v. *Railroad Co.* 7 Fed. Rep. 78; *Nicholas* v. *Railroad Co.* 83 Va. 99; *Larmore* v. *Iron Co.* 101 N. Y. 391; *Walsh* v. *Cullen,* 235 Ill. 91; *Bahr* v. *Deposit Co.* 234 id. 101.

WINSTON, PAYNE, STRAWN & SHAW, (JOHN BARTON PAYNE, of counsel,) for appellee:

Persons operating elevators are carriers of passengers, and the same rules applicable to other classes of carriers are applicable to those operating elevators or raising or lowering persons from one floor to another in buildings. It is the duty of such carriers of passengers to use extraordinary care in and about the operation of such elevators so as to prevent injury to persons therein. The fact of the falling

of the elevator is evidence tending to show want of care in its management by the operator or its servant, that the same was out of repair or faultily constructed. *Deposit Co.* v. *Sollitt,* 172 Ill. 222; *Springer* v. *Ford,* 189 id. 430.

It must be assumed that a person in a retail store on any business connected therewith, whether to buy goods or to seek employment, who enters a passenger elevator to be carried, is a passenger, and when, as here, he is directed to take the elevator to reach the office of the superintendent there is no room for doubt.

A store is a public place and the public is invited. Any orderly person may enter, and persons there for a proper purpose, not employees, using passenger elevators are passengers. They require no special license. This is true of travelers and sight-seers. The doctrine of licensee sought to be invoked has no place here.

A licensee is one who enjoys some special privilege not enjoyed by the public. A license, in this sense, is a permit granted by some competent authority to do an act which without such permission would be illegal. *State* v. *Hipp,* 38 Ohio St. 226; *Insurance Co.* v. *Augusta,* 50 Ga. 530.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an action on the case commenced in the circuit court of Cook county by the appellee, against the appellant, to recover damages for a personal injury alleged to have been sustained by the appellee by the fall of an elevator in the appellant's store building, upon which the appellee was riding. The jury returned a verdict in favor of the appellee for the sum of $10,000, upon which the trial court rendered judgment, which judgment has been affirmed by the Appellate Court for the First District, and a further appeal has been prosecuted to this court.

The declaration contained one count, which alleged that the appellant carried on a retail dry goods and general store in its store building in the city of Chicago, and used and

operated, in connection with its business therein, a certain passenger elevator to carry passengers from floor to floor in said building; that the plaintiff was rightfully in said store and a passenger in said elevator; that he entered said elevator at the ninth floor for the purpose of being carried to the first or main floor of the building; that it was the duty of the defendant to carry him safely from said ninth floor to his destination, but in this the defendant failed and was guilty of negligence, in that while the plaintiff was in the exercise of due care for his own safety and was in said elevator as a passenger, the said elevator, and the machinery by which the same was operated, broke and gave way, and precipitated said elevator, with plaintiff, into the basement of said building, and he was injured, etc.

The first contention of the appellant is, that the declaration is not sufficient to support the judgment in this: that the plaintiff has not averred facts therein which show that he was rightfully in said elevator or that the relation of passenger and carrier existed between the plaintiff and the defendant at the time of the accident. The sufficiency of the declaration is challenged by motion in arrest of judgment. The relation averred to exist between the plaintiff and the defendant at the time the plaintiff was injured was that of passenger and carrier, and we are of the opinion the declaration, after verdict, was sufficient to support the judgment. In *Chicago and Alton Railroad Co.* v. *Clausen,* 173 Ill. 100, where the same contention was made as is made here, the declaration averred that the plaintiff became a passenger on a passenger train of the defendant at Dwight to be carried from that place to Gardner, and that while he, with due care, caution and diligence, was about to alight from the train at Gardner, the defendant carelessly and negligently caused the train to be violently and suddenly moved forward, and thereby he was thrown from and off the train to and upon the wooden platform of defendant; and in different counts it was alleged that defendant did not stop the

train at Gardner a sufficient length of time to receive and let off passengers but suddenly started the train, whereby the plaintiff, who was attempting to alight, was thrown off. The averments of the declaration in that case were held sufficient after verdict, and if that declaration was good after verdict we are unable to see why the declaration in this case is not.

It is next contended that the facts proven do not establish that the relation of passenger and carrier existed between the parties at the time appellee was injured. The appellee testified he went to the store of the appellant to obtain employment; that he inquired of an employee of the defendant on the first floor for the superintendent; that he was told the superintendent was on the ninth floor and was directed to take the elevator to that floor; that he got off the elevator at the ninth floor and inquired for the superintendent and was informed that he was not in his office; that he returned to the elevator, the door of which was open, and entered the elevator; that the operator closed the door behind him and turned on the power, and the elevator immediately dropped to the basement floor; that the elevator was wrecked, the operator killed and he was severely injured. We think this evidence fairly tended to show that the appellee was rightfully in the elevator and that the relation of passenger and carrier existed between the parties at the time the appellee was injured.

In an establishment like that of the appellant there is a general invitation to persons to enter who have business with the appellant. The appellant employs a large number of persons, and it was clearly lawful for the appellee to enter its store for the purpose of seeking employment, and upon being directed to the office of the superintendent and invited to use the elevator in going to his office he clearly was rightfully upon the elevator, and upon finding the superintendent out of his office he had the right to return to the first or main floor in the elevator. There was, at least,

238 — 7

evidence introduced by the plaintiff fairly tending to show that the relation of passenger and carrier existed between the parties at the time the elevator fell and that the appellee was rightfully upon the elevator, and as those questions were questions of fact, or, at most, of mixed law and fact, (*Springer* v. *Ford,* 189 Ill. 430,) we think it cannot now, in view of the holding of the trial and Appellate Courts, be successfully contended in this court, as a matter of law, that such relation did not exist or that the appellee was wrongfully upon the elevator at the time it fell. This case is not like that of *Walsh* v. *Cullen,* 235 Ill. 91. In that case the relation of master and servant existed between the parties, while here the appellee was a passenger, and the duty which the appellant owed the appellee was the duty growing out of the relation of carrier and passenger. This court has held (*Hartford Deposit Co.* v. *Sollitt,* 172 Ill. 222, and *Springer* v. *Ford, supra,*) that a person operating a passenger elevator under the circumstances under which the elevator in question was being operated at the time of the accident is a carrier of persons and bound to exercise a high degree of care in transporting passengers, and that the fact that the elevator falls when persons are being carried thereon is evidence that the elevator was mismanaged or was out of repair or of faulty construction.

Finding no reversible error in this record the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE DUNN dissenting:

The single count in the declaration alleged that the appellant carried on a store, and used and operated in connection therewith a passenger elevator for carrying passengers from floor to floor, and that the appellee was rightfully in said store and a passenger in said elevator. These averments amount to no more than a statement that the appellee was in the elevator for the purpose of being carried and

was not a trespasser. The evidence showed that the appellee went to the store for the purpose of obtaining employment. It did not show that he went in response to any advertisement or request of the appellant, that the appellant desired to employ any help, or that the appellee had any reason to suppose it did. In response to his inquiry he was informed that the superintendent was on the ninth floor and was directed to take the elevator to that floor. Finding that the superintendent was not in his office he returned to the elevator, when it fell and he was injured.

The operators of passenger elevators in buildings for the use of the occupants and those having business with or visiting them are common carriers of passengers, with the same obligations as carriers by other modes of conveyance. (*Hartford Deposit Co.* v. *Sollitt,* 172 Ill. 222; *Springer* v. *Ford,* 189 id. 430; *Beidler* v. *Branshaw,* 200 id. 425.) But these obligations do not extend to the case of employees of the operator using the elevator in the course of their employment. (*Walsh* v. *Cullen,* 235 Ill. 91.) As to such persons and others using the elevator not in connection with the business of the operator or the occupants of the building or by their invitation, the law does not require that high degree of care which common carriers of passengers must use. One who goes upon the premises of another to seek employment of the owner, not in response to any invitation, is not engaged in the business of the owner. He goes solely for his own benefit. There was no invitation, express or implied, for the appellee to visit the appellant's store. He went there on his own business and for his own purposes, only. The appellant was under no obligation to the appellee, under such circumstances, to exercise the high degree of care required of a common carrier. *Larmon* v. *Crown Point Iron Co.* 101 N. Y. 391.

CARTWRIGHT, C. J., and SCOTT, J.: We concur in the foregoing dissenting opinion.