ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY *v.* WIRBEL.

Opinion delivered June 9, 1913.

1. CUSTOMS AND USAGES—REQUISITES—PROOF.—The custom of a master mechanic of a railway to employ firemen in the railway yards as well as in his office, may be proved by any one having a knowledge of the custom, but the custom must be shown by the witness to be certain, uniform, definite and known. (Page 440.)

2. CUSTOMS AND USAGES—EVIDENCE.—The testimony of an employee of a railroad company who had been employed only fifteen days, and had no specific knowledge of the custom, is incompetent to prove that the custom of a master mechanic was to employ firemen in the yards as well as in his office. (Page 440.)

3. CUSTOMS AND USAGES—EVIDENCE.—Evidence of a single act of a master mechanic of a railroad company is incompetent to prove that it was his custom to perform said act in said way. (Page 441.)

Appeal from Desha Circuit Court; *Antonio B. Grace,* Judge; reversed.

*E. B. Kinsworthy, J. C. Knox* and *T. D. Crawford,* for appellant.

1. The issues are the same as in 104 Ark. 236. The court erred in admitting the testimony of Joseph Paffe as to the master mechanic hiring firemen in the yards.

2. There is error in the instructions. 104 Ark. 236.

*C. P. Harnwell,* for appellee.

1. The testimony shows that the master mechanic did hire firemen in the yards. Paffe's testimony was competent and shows the custom. 146 S. W. 855; 104 Ark. 236.

2. Wirbel was not a trespasser; he was directed to seek the master mechanic in the yards; there was no error in the court's charge, and the finding of the jury should not be disturbed. 146 S. W. 855.

3. Even a trespasser or licensee is entitled to recover under the evidence. 123 S. W. 298; 134 *Id.* 1189; 139 *Id.* 301; 142 *Id.* 189.

HART, J. Appellant prosecutes this appeal to reverse a judgment rendered against it in favor of appellee for damages for personal injuries alleged to have been sustained by him by reason of the negligence of the appellant. This is the second appeal in the case. The opinion on the former appeal is reported in 104 Ark. 236, under the style of the *St. Louis, Iron Mountain & Southern Ry. Co.* v. *Wirbel.*

On the 15th day of December, 1909, Harry Wirbel went to the office of the master mechanic of the appellant's line of railway at McGehee, Ark., for the purpose of securing employment as a locomotive fireman. The office of the master mechanic was situated in the yards of the company, and the person in charge of the office directed Wirbel to seek the master mechanic in the yards. Wirbel went out into the yards, and went down a path running by the coal chute. He saw a door open there, and asked the man who was running the machine if he had seen the master mechanic. About that time the coal-

hoisting machinery broke, and Wirbel was severely injured thereby.

The evidence adduced in his behalf tends to show that the machinery was defective, and that appellant had been advised of that fact. R. McCuen testified that he worked for appellant in the capacity of engineer and coal chute fireman at McGehee during the latter part of October and November, 1909. He said that the master mechanic hired the fireman, and that he was hired in the yard. That he did not know whether or not it was the custom of the master mechanic to hire firemen in the yards or in his office. Joseph Paffe was the engineer and fireman in charge of the coal-hoisting machinery at the time Wirbel was injured, and had been so employed for about fifteen days. His deposition taken on interrogatories and cross interrogatories, was read in evidence at the trial. We copy from his direct examination the following:

Q. Do you know whether or not the master mechanic was in the habit of transacting business outside of his office and in the yards of the company at McGehee?

A. Yes; the master mechanic did transact all kinds of business outside of his office, and in the yards at McGehee. As a matter of fact, he was in the yards a great part of the time and transacted the greater part of his business, and that fact was generally known and acted upon.

Q. Was the master mechanic, or any other official of the company, hiring firemen at McGehee during the month of December, 1909, or at any other time or times?

Objected to by counsel for defendant on the ground that the witness has not shown that he was qualified to answer this question. The objection was overruled by the court and the defendant, at the time, duly saved its exceptions.

A. Yes; the master mechanic was hiring firemen at McGehee in December, 1909, and both previous to and subsequent to December 15, 1909. That was part of his business, and he hired them in his office, in the yard, or anywhere else he saw them.

On cross examination, he was asked:

Q. Did you ever see the master mechanic employ locomotive firemen in the railway company's yards, outside of his office?

A. No; I never saw him hire anybody.

Here counsel for defendant renewed his objection to the testimony of the master mechanic employing firemen in the yards of the company.

Q. Did you ever see the master mechanic at McGehee hire a locomotive fireman at all, inside of his office or outside? If you did, state when it was, where it was, and who the fireman was?

A. I have already answered this question.

The testimony on the part of the appellant showed that the master mechanic had authority to employ firemen, but that he could only do so in his office upon written application filed by the person seeking such employment. That it was against the rules of the company for him to employ them in the yards of the company.

On the former appeal, the court held that if the master mechanic had authority to employ firemen, and was accustomed to doing so anywhere in the yards where he might be found, and the person in charge of the office of the master mechanic directed Wirbel to seek him in the yards, Wirbel had a right to rely upon the invitation, and it was the duty of appellant to exercise ordinary care to protect him from injury while he was seeking the master mechanic. The court held, further, that if he was injured by the negligence of appellant while so engaged, and while in the exercise of ordinary care himself, appellant would be liable for the injury.

The existence of a custom on the part of the master mechanic of employing firemen in the yards of the company at McGehee was a question of fact for the jury, and the court submitted it to them under the evidence stated above. Counsel for appellant contend that this was error, and that it was error to admit the testimony of Mr. Paffe to the effect that the master mechanic at McGehee was accustomed to hiring firemen in the yards. A custom must be certain, uniform, definite and known, and the

existence of a particular custom of the kind under consideration here may be testified to by any person who possesses knowledge of the custom. For instance, as applied to the present case, if one or more persons had knowledge that the master mechanic commonly and uniformly performed the duty of hiring locomotive firemen in the yards of the company at McGehee for a certain and definite period of time, such testimony would establish a reasonable presumption or inference that the master mechanic, in so· doing, was acting in the line of his duty, as a matter of custom, acquiesced in by the appellant for the purpose of its business. See *St. L., I. M. & S. Ry. Co.* v. *Hendricks,* 48 Ark. 177; see also *St. L., I. M. & S. Ry. Co.* v. *Caraway,* 77 Ark. 405. The difficulty here is, that the testimony is not sufficient to show the existence of such custom on the part of the master mechanic. It is true that in response to a question on his direct examination, Paffe stated that the master mechanic was in the habit of hiring firemen in the yards of the company at McGehee, but on cross examination, he also stated that he never saw him hire anybody. It will be remembered that Paffe had only been in the employment of the company for a short time, viz., a period of about fifteen days. His cross examination must be considered as explanatory of his testiomny given on direct examination, and, when so treated and considered, it is manifest that he possessed no knowledge whatever of whether or not the master mechanic, as a matter of custom, hired firemen in the yards of the company. So, then, it will be seen that his testimony amounted to no more than a mere conclusion on his part, or at most a statement of matters which he had learned from others, and would be merely hearsay. In either event, his testimony was not competent to show the existence of a custom of which he possessed no knowledge whatever. This leaves only the testimony of witness, McCuen, to establish the existence of the custom. His testimony only showed the single act of hiring himself, and falls far short of establishing the existence of a custom on the part of the master mechanic of hiring firemen in the yards of the company.

It follows that the court erred in admitting the testimony of witness, Paffe, to establish the existence of a custom on the part of the master mechanic of hiring locomotive firemen in the yards of the company, and the court also erred in submitting the question of the existence of the custom to the jury, because there was no evidence upon which to base a submission of this question.

For the errors indicated, the judgment must be reversed and the cause remanded for a new trial.