ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY

COMPANY *v.* LOYD.

Opinion delivered October 27, 1913.

1. RAILROADS—IMMIGRANT CARS—CUSTOM AND USAGE.—Plaintiff, who was a caretaker, rode in an immigrant car with the live stock of the owner thereof, and was injured. *Held*, in an action by the caretaker against the railroad company for damages due to personal injuries while so riding, the custom of the railroad company to permit caretakers to ride in immigrant cars with stock may be testified to by any person who has knowledge of the custom; and testimony that such was the custom, if believed by the jury, will warrant the jury in finding that such was the custom of the railroad company.  (Page 582.)

2. RAILROADS—RULES AND REGULATIONS—VIOLATION—ACQUIESCENCE.—Although it is the rule of a railroad company to prohibit a caretaker from riding in an immigrant car, and it was the duty of the train conductor to so notify the caretaker, and if the conductor saw the caretaker so riding and neglected to notify him to ride elsewhere, the jury will be warranted in finding that the conductor acquiesced in his riding on the immigrant car.  (Page 583.)

Appeal from Greene Circuit Court; *W. J. Driver,* Judge; affirmed.

*E. B. Kinsworthy, Campbell & Suits* and *T. D. Crawford,* for appellant.

1.  Opinions of witnesses are not admissible in evidence.  The jury are as competent to pass on matters

of common, ordinary knowledge and give their opinion, as the witnesses who testified as to the necessity of some caretaker in the box car.   65 Ark. 98; 85 *Id.* 64; 82 *Id.* 214; 95 *Id.* 157; 97 *Id.* 180; 94 U. S. 469; 113 *Id.* 645; 118 Ga. 590.

2.   Testimony as to custom is not admissible.   84 Ark. 389; 23 *Id.* 215; 62 *Id.* 1.

3.   A passenger is bound to furnish the conductor evidence, beyond his own statement, of his right to passage on the car.   32 Am. St. 528.   There is error in the court's charge.

*W. W. Bandy,* for appellee.

1.   Evidence as to custom and the admission of opinions, even if erroneous, was not prejudicial.   The law of this case was settled on former appeal.   105 Ark. 340. Evidence as to custom is often admissible.   158 S. W. 118.

2.   The instructions, as a whole, correctly state the law.   It is not error to refuse to *repeat* instructions, or fail to do so.   104 Ark. 489.

Hart, J.   J. W. Jameson chartered an immigrant car from the St. Louis, Iron Mountain & Southern Railway Company, within which to ship his household goods, including a milch cow and some chickens, from a station on its line of railroad in the State of Arkansas to another point on its railroad within the State.   He placed French Loyd, his brother-in-law, in charge of the car, and Loyd rode in it for the purpose of milking the cow and taking care of her.   While *en route,* a brake beam fell down upon Loyd and severely injured him, and he instituted this suit against the railway company to recover damages therefor.   This is the second appeal in the case.   The opinion on the former appeal is reported in 105 Ark. 340, under the style of *St. Louis, Iron Mountain & Southern Railway Co.* v. *Loyd,* and reference is made to that opinion for a more extended statement of the issues.   Upon the retrial of the case in the circuit court, the jury again returned a verdict for the plaintiff, Loyd, and to reverse that judgment, the railroad company prosecutes this ap-

peal. On the former appeal, which is the law of the case, the court held:

"Where, in an action by a caretaker for injuries received in being struck by a falling brace while he was riding in a box car in charge of a shipment of live stock, there was evidence of a general custom for caretakers to ride in box cars, and that the conductor knew and assented to plaintiff so riding, it was a question for the jury whether plaintiff was negligent, though there was evidence that it was against the carrier's rules for a passenger to ride in a box car with live stock."

Upon a retrial of the case, the evidence in regard to the manner in which the plaintiff was injured, and the character and extent of his injuries was substantially the same as on the former trial. As no question is raised on this point, we do not deem it necessary to abstract the testimony in regard to it, but confine ourselves to the questions upon which the railway company bases its right for the reversal of the judgment.

At the request of the railway company, the court told the jury that the mere occasional violation of a rule by the company does not make a custom that will have force or effect; and also gave the following:

"Before custom would be deemed to give plaintiff any right to ride in the box car, such custom must have been brought to the actual knowledge of the officials of the defendant of higher authority than a mere conductor, and acquiesced in by such higher officials, or the violation of the rule and the existence of the custom must have been of such long and continued and general existence that such higher officials would be presumed to have acquiesced therein."

The plaintiff and two other witnesses for him testified that they had worked on the defendant's line of railroad, as well as other lines of railroad in the same section of the State, for the past six or seven years, and that it was the custom for a caretaker to ride in an immigrant car to take care of the stock placed in it, and that every few days they would see immigrant cars contain-

ing household goods and livestock going up and down the railroad, and that it was the custom for a caretaker to ride in the car and take care of the live stock; that this custom obtained as to immigrant cars, and did not obtain when cattle were exclusively shipped in a car.

On the part of the railroad company, it was shown by the trainmaster, conductor and one of its station agents, that, under the rules and regulations of the railway company, caretakers of immigrant outfits are permitted to ride free to care for the live stock, but that they are required to ride in the caboose, and that no conductor is authorized to permit a man to ride in the car with the stock, and that they had no knowledge of a custom permitting caretakers to ride in an immigrant car with the stock and household goods.

The plaintiff testified for himself, and said that it was warm weather, and it was necessary for him, or some one else, to be in the car to milk the cow and otherwise care for her. That he rode with the door of the car open. That the conductor knew he was to go along to take care of the cow, and that the conductor passed along by the side of the open door of the car, and that he was standing in the door, and saw the conductor, and supposed the conductor saw him. That at another stop, he saw the conductor standing near where a brakeman had been injured, and that he thought the conductor saw him at that time. The injured brakeman testified that he saw the plaintiff at the time and spoke to him, but did not know whether or not the conductor saw him. The conductor stated that he did not see the plaintiff, and that if he had done so, he would have ordered him back to the caboose.

Counsel for the railway company insist that the testimony of plaintiff and his witnesses in regard to the custom was not competent; but we do not agree with them in their contention. The existence of a custom of the kind under consideration in this case may be testified to by any person who possesses knowledge of the custom. The plaintiff and his witnesses testified that for several

years they had seen immigrant cars going up and down
the railroad every few days, and that it was the custom
for the caretaker to ride in said cars. This testimony,
if believed by the jury, was sufficient to establish the
custom, and the jury might have inferred from it that it
had continued with such uniformity and for such a length
of time as that the trainmaster had knowledge of it. See
*St. Louis, Iron Mountain & Southern Ry. Co.* v. *Wirbel,*
158 S. W. (Ark.) 118; 108 Ark. 437.

The conductor placed the car in his train, and does
not deny but that he saw plaintiff at the immigrant car
then in charge of it. He knew that plaintiff did not ride
in the caboose, at least, the jury might have found from
the attendant circumstances, that such was the fact. The
jury then was justified in inferring from plaintiff's testi-
mony, and the surrounding circumstances that he saw
the plaintiff riding in the immigrant car, and acquiesced
in his so doing. The conductor had sole charge of the
train, and it was his duty, when he saw the plaintiff rid-
ing in the immigrant car, to notify him that it was
against the rules of the company to ride there, if such
was the case, and from the fact that he did not do so,
the jury was warranted in finding that he acquiesced in
his riding in the immigrant car.

Again, it was objected by counsel for the railway
company that the plaintiff and Jameson, the owner of the
goods shipped in the immigrant car, were permitted to
testify that it was necessary for some one to ride in the
car to milk the cow and care for her, because it was warm
weather. Even if it could be said that this testimony
was incompetent because it did not tend to establish a
custom, we do not think it was prejudicial to the rights
of the railway company. The instructions given by the
court, both at the request of the plaintiff and of the de-
fendant railway company, predicated the plaintiff's right
to recover solely upon the existence of the custom above
referred to, and on the further fact of whether or not
the conductor knew that the plaintiff was riding in the
immigrant car, and acquiesced in his so doing. The

question of the contributory negligence of the plaintiff was fully submitted to the jury in the instructions given by the court. Objections have been made by counsel for the railway company to certain instructions given by the court, but we do not deem it necessary to set them out. We have carefully examined the instructions given by the court and those refused, and we have reached the conclusion that the case was submitted to the jury upon the principles of law announced in our decision on the former appeal, which is the law of the case. The judgment will be affirmed.