St. Louis, Iron Mountain & Southern Railway
Company *v.* Wirbel.

Opinion delivered April 13, 1914.

1. Railroads—injury to person in yards—burden of proof.—In an action for damages for personal injuries received by plaintiff while in the yards of defendant company, the burden is upon the plaintiff to show by a preponderance of the evidence that he was rightfully at the place where he received his injuries. (Page 413.)

2. Customs and usages—proof of—sufficiency of the evidence.—In an action for damages for personal injuries received while plain-

tiff was in defendant's yards looking for the master mechanic in order to obtain employment as a fireman, the evidence held sufficient to establish a custom of master mechanics of defendant to employ firemen, while in the yards, and that therefore plaintiff was not a trespasser on defendant's property when injured. (Page 415.)

3. CUSTOMS AND USAGES—HOW PROVED—RAILROADS.—In an action for damages for personal injuries, due to negligence of defendant railway company, it is proper, in order to show the custom of a master mechanic to employ firemen while in the yards, to admit testimony that such a custom existed at a certain other named point, there being other evidence tending to establish that such custom existed generally throughout the company's whole system. (Page 416.) .

4. RAILROADS—INJURY TO PERSON IN YARDS—MINOR.—Where plaintiff was a stout, able-bodied man, although a minor, he has a right to seek employment as a fireman in the yards of defendant company, in accordance with the custom of the company, in the absence of evidence tending to show that he knew that the company did not employ minors as firemen. (Page 417.)

Appeal from Desha Circuit Court; *Antonio B. Grace,* Judge; affirmed.

*E. B. Kinsworthy, James C. Knox* and *T. D. Crawford,* for appellant

*C. P. Harnwell,* for appellee.

HART, J.    Appellee instituted this action to recover damages for injuries sustained by him on account of the alleged negligence of appellant, and recovered judgment. This is the third appeal in the case. The opinion on the first appeal is reported in 104 Arkansas, page 236, under the style of "*St. Louis, Iron Mountain & Southern Railway Co.* v. *Wirbel.*" The opinion on the second appeal is reported in 108 Ark. 437, 158 S. W. 118, under the style of "*St. Louis, Iron Mountain & Southern Ry. Co.* v. *Wirbel.*"

Wirbel, while a minor, went to the office of the master mechanic, situated in the railroad yards at McGehee, Arkansas, for the purpose of securing employment as a fireman. The person in charge of the office told Wirbel to look for the master mechanic in the yards. Wirbel went into the yards to look for him. He went into the

roundhouse and inquired there for the master mechanic. Upon being informed that he was not there, he went down toward the coal chute and started to go into a building where an engine for hoisting coal was operated, to inquire for the master mechanic. Just as he looked into the door, the coal-hoisting machinery burst and injured his leg so badly that it afterward had to be amputated.

Evidence was also adduced by appellee tending to show that the machinery was defective, and that appellant knew of that fact. It has been the contention of appellee throughout that he was rightfully on the premises of appellant, and that appellant owed him the duty to exercise ordinary care to keep from injuring him. On the other hand, it is the contention of appellant that appellee was a trespasser, and that therefore the injury that resulted to him was not one that could have been reasonably foreseen and anticipated by appellant, and it is not liable.

The opinions on the two former appeals are the law of the case. In the opinion on the first appeal the court said that it devolved upon appellee to show, by a preponderance of the evidence, that he was rightfully at the place where he was injured, and that if such was the case the company was bound to the exercise of ordinary care to protect him against injury; that if the injury which occurred from the bursting of the machinery was not one that could reasonably have been foreseen as the natural and probable consequence resulting from the failure to repair the machinery, in the light of the attendant circumstances, it was not caused proximately by the failure of the appellant to repair the machinery, and appellee had no cause of action at all; that the question as to whether his injury did proximately result from such negligent acts was one for the jury. The court also said there was no testimony tending to show that the master mechanic had authority to employ firemen, nor that he had ever employed them, in his office or in the yards of the company.

On the retrial of the case, in order to show that he was rightfully at the place where he was injured, appellee introduced evidence that the master mechanic had the authority to employ firemen at McGehee, and also introduced testimony which he claimed was sufficient to show that it was the custom of the master mechanic to employ firemen in the yards. The railroad company, in that trial, admitted that the master mechanic had authority to employ firemen, but introduced testimony tending to show that it was against the rules of the company for him to employ them anywhere except in his office, and that he had never employed them in the yards of the company.

On appeal we said: "A custom must be certain, uniform, definite, and known, and the existence of a particular custom of the kind under consideration here may be testified to by any person who possesses knowledge of the custom. For instance, as applied to the present case, if one or more persons had knowledge that the master mechanic commonly and uniformly performed the duty of hiring locomotive firemen in the yards of the company at McGehee for a certain and definite period of time, such testimony would establish a reasonable presumption or inference that the master mechanic in so doing was acting in the line of his duty, as a matter of custom, acquiesced in by the appellant for the purpose of its business."

We also held that the testimony was not sufficient to show the existence of a custom on the part of the master mechanic to employ firemen in the yards at McGehee, and for that reason the judgment was reversed. When the case was again tried in the circuit court, appellee, in order to show that he was rightfully at the place where he was injured, adduced evidence tending to show that the master mechanic had authority to employ firemen, and that he was accustomed to do so in the yards of the company at McGehee. On this appeal, counsel for appellant again challenge the sufficiency of the evidence to establish such a custom; but we are of the opinion that

the testimony introduced by appellee was sufficient to meet the requirements prescribed in our former opinion. Two or three witnesses who had been in the service of the company for a number of years, and who had been employed in and around the yards of the company at McGehee for several years, testified that the master mechanic had authority to employ firemen, and that he exercised such authority by employing firemen in the yards of the company at McGehee. They said that if a man wanted employment as a fireman, it was customary for him to seek the master mechanic at his office, and that if he was not found there, to go out in the yards and look for him; that the master mechanic at McGehee had been accustomed to employ firemen in the yards of the company, and that they, of their own personal knowledge, knew of the existence of this custom. Some of the witnesses testified that there was a general custom throughout the whole Iron Mountain system for the master mechanic to employ firemen in the yards of the company. On the other hand, testimony was adduced by appellant tending to show that it was against the rules of the company for the master mechanic to employ firemen in the yards of the company, and that the rules of the company in this respect had never been violated by the master mechanics. F. C. Reed was the master mechanic at McGehee at the time appellee was injured. He is not now in the employment of the company, and lives in the State of Nebraska. He was present at the trial, however, and testified that it was against the rules of the company for the master mechanic to employ firemen in the yards of the company; that he had no authority to employ them at any other place than his office, and that he had never employed firemen in the yards of the company. He also stated that he had no authority to employ a minor as a fireman. In rebuttal, the attorney for appellee testified that he went to the State of Nebraska and talked with Reed, the master mechanic at McGehee at the time appellee was injured; that Reed told him positively that it was his custom to hire firemen in the shop and yards;

that he was in the yards a great deal of the time, and that if a man wanted a job he necessarily had to hunt him up. Other evidence was also adduced by appellee tending to show that the master mechanic spent the greater part of his time in the yards, and not in his office.

The jury were the sole judges of the credibility of the witnesses, and the testimony adduced in favor of appellee was sufficient to show that there was a custom at McGehee for the master mechanic to hire firemen in the yards, and that such custom had existed for several years. From this testimony, taken in connection with that of appellee himself, the jury might have inferred that appellee was rightfully at the place where he was injured, and was not a trespasser.

Counsel for appellant also assign as error the action of the court in admitting the testimony of the witness McCuen, to the effect that it was the custom of the master mechanic at Argenta, Arkansas, to hire firemen in the yards. They claim that proof of a local custom at Argenta would have no tendency to prove the same custom at McGehee, and that the testimony was erroneous and prejudicial.

The witness McCuen also testified that it was a general custom of the Iron Mountain railroad, as well as other railroads for which he had worked, for the master mechanics to hire firemen in the yards of the company. Other witnesses also testified that it was the general custom on the Iron Mountain railroad system for master mechanics to hire firemen in the yards. This testimony of a general custom was competent for the purpose of tending to show that appellee was rightfully at the place where he was injured. He could establish the fact that he was rightfully there by a general custom as well as by a particular custom at McGehee. He says that he went out into the yards of the company by direction of the person in charge of the master mechanic's office to seek the master mechanic for the purpose of securing employment as a fireman. If a general custom existed on the Iron Mountain railroad system for its master me-

chanics to employ firemen in the yards of the company, this would give one who sought employment as a fireman the right to go into the yards of the company to seek the master mechanic, if he could not find him in his office. The testimony of McCuen to the effect that it was the custom of the master mechanic at Argenta to employ firemen in the yards there was included in the general custom of the master mechanics on the Iron Mountain railroad everywhere to employ firemen in the yards of the company, and was therefore not prejudicial to the rights of appellant.

It is insisted by counsel for appellant that the court erred in certain instructions given to the jury; but we do not deem it necessary to set out these instructions or to discuss them at length. As we have already seen, it was the theory of appellee that he went to the office of the master mechanic at McGehee to seek employment as a fireman. He was directed by the person in charge of the office to go out into the yards and look for the master mechanic. He did so, and while so engaged he was injured by the bursting of the hoisting machinery. On the other hand, it is the contention of appellant that its master mechanics had no authority to employ firemen in the yards of the company, and that they had never exercised such authority. Hence, they claim that appellee was a trespasser, and that if the jury further found that the injury that resulted to appellee was not one that could reasonably have been foreseen or anticipated by appellant, in the light of the attending circumstances, its negligence in failing to repair the hoisting machinery was not the proximate cause of appellee's injury, and that it was not liable.

We think that when all of the instructions of the court are read and considered together the respective theories of appellant and appellee were fully and fairly submitted to the jury. The court even submitted to the jury the question of appellee's contributory negligence when there was no testimony at all tending to show that appellee was guilty of contributory negligence. If he

had a right to go to the place where he did go in search of the master mechanic, it can not be said that there is any testimony whatever tending to show that he was guilty of contributory negligence, for the machinery burst just as he put his head into the door of the building where it was situated.

Again it is insisted by counsel for appellant that the undisputed evidence shows that the master mechanic had no authority to employ a minor as a fireman, and that appellee was a minor at the time he was injured. In answer to this, it may be said that the evidence does not show that appellee had any knowledge whatever that he could not be employed as a fireman on account of his age. He was a stout, able-bodied young fellow, and, in the absence of evidence tending to show that he knew that he was not eligible for employment as fireman, under the circumstances adduced in evidence by him he had a right to seek such employment.

The judgment will be affirmed.