## AMERICAN RY. EXPRESS CO. v. GIL-BREATH.

### No. 5650.

Circuit Court of Appeals, Sixth Circuit.

April 13, 1931.

I. G. Phillips, of Chattanooga, Tenn. (Allison, Lynch & Phillips, of Chattanooga, Tenn., on the brief), for appellant.

J. B. Roberts, of Chattanooga, Tenn. (Rankin, Frazier & Roberts, of Chattanooga, Tenn., on the brief), for appellee.

Before DENISON, MOORMAN, and HICKS, Circuit Judges.

PER CURIAM.

Appellant's main office in Chattanooga, Tenn., is at the corner of Chestnut and Carter streets. Six buildings down the street, and separated from its main office by a cross street, there is a building which it rents and uses for storing surplus records. Appellee, a white man 62 years of age, seeking employment as a laborer, entered the storage building and fell into an unguarded elevator shaft, for which he sued and recovered damages. The question in the case is whether appellee, at the time of his injury, was an invitee upon the premises; it being conceded that if he was he was entitled to recover.

A few days before the injury, appellant had placed an advertisement in a Chattanooga paper, under the head of "Female Help Wanted," for two experienced comptometer operators, application to be made at the company's main office. Appellee neither saw this advertisement nor was qualified to do that character of work, but being out of employment, on the morning of the day of the accident went by the shop of a company for which he had formerly worked, and was there informed of the possibility of obtaining a job at the express company. About 4 o'clock in the afternoon he went to the building where the injury occurred. The doors of the building were open. He saw some men working in the back end and a white man in his shirt sleeves at the front end seemingly looking over records, taking inventory or doing similar work. Appellee asked the man about work, and was told that the man in charge of the work was in the back of the building, "go back and see him." On his way back he fell into the shaft and was injured.

The identity of the man in the front of the building was not shown, but from the character of work he was doing we assume that he was an employee of appellant. What he said to appellee might well be construed as nothing more than the giving of information as to the place where the man in charge of the work could be found. Even if it were an invitation, it was not binding upon appellant unless there was express or apparent authority to extend it. No attempt was made to show express authority. The cases in which recovery has been allowed in the absence of a showing of such authority have usually turned on the fact that the one seeking employment was directed to a place where applications for employment were customarily received. St. Louis, Iron Mountain & Southern Railway Co. v. Wirbel; 104 Ark. 236, 149 S. W. 92, Ann. Cas. 1914C, 277; Id., 108 Ark. 437, 158 S. W. 118; and Id., 112 Ark. 410, 166 S. W. 573; Zeigler v. Oil Country Specialties Mfg. Co., 108 Kan. 589, 196 P. 603; Steiskal v. Marshall Field & Co., 238 Ill. 92, 87 N. E. 117. That circumstance was not proved in this case. Appellant did not customarily employ men at the place where the accident happened. The building was ordinarily locked and had a "No Admittance" sign on the door, which, however, could not be seen when the door was open. Appellee had no information that the appellant was employing any one in the

**810**

building and no reason to assume that it did or would employ any one there. The unknown giver of the direction had no authority over or connection with the work. It was not his duty to invite persons seeking employment to go into the building, and we find no evidence of apparent duty or authority so to do.

The judgment is reversed, and the cause remanded for a new trial.